# INDIANAPOLIS AND ST. LOUIS RAILROAD CO.

*v.*

# GEORGE HACKETHAL.

1. ALLEGATIONS AND PROOF—*as to joint liability of several in an action for tort.* In actions for tort, where a joint liability is averred in the declaration against several defendants, it is not necessary to a recovery that the proof should show such joint liability. It may fail to establish any of the averments as against a portion of the defendants, yet, if the averments are proved as against the other defendants, or any of them, a recovery can be had against such as are shown to be guilty.

2. And this rule applies as well to a case where the tort is alleged to have been committed by the defendants through the means of an article of property which they jointly owned or were jointly using, as to a case where the tort is alleged generally to have been committed by the defendants.'

APPEAL from the Circuit Court of Madison county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

Mr. B. W. HANNA, for the appellant.

Messrs. IRWIN & KROME, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action of trespass, brought by the appellee against the Rockford, Rock Island and St. Louis Railroad Company and the Indianapolis and St. Louis Railroad Company, the first count of the declaration alleging that the companies were the owners of a certain railroad, and of locomotives and trains of cars in charge of their servants, and that the defendants, by their servants having in charge said locomotives and trains of cars running upon the track of the said Indianapolis and St. Louis Railroad Company, negligently communicated fire from the locomotives to certain corn of the plaintiff, whereby the same was destroyed; the second and third counts alleging that the track of the Indianapolis and St. Louis Railroad Company was used by the defendants, and that the defendants, in manner aforesaid, communicated fire to other

property of the plaintiff adjoining the track, and thereby the
property was destroyed.

Upon trial, under pleas of the general issue, the Indianapolis
and St. Louis Railroad Company was found guilty, and the
damages assessed, and the Rockford, Rock Island and St. Louis
Railroad Company was found not guilty. Judgment on the
verdict having been rendered against the former company, it
has brought the case here by appeal.

There is no evidence preserved in the record, and the only
point made in favor of the reversal of the judgment is, that
one defendant could not be properly found guilty and the other
not guilty; that, under the state of case made by the declara-
tion, it was not possible for one to be guilty and the other
innocent, it being maintained that if the injury complained of
was occasioned by the negligence or willfulness of the servants
jointly employed by the defendants, through the means of an
engine belonging jointly to them, then, in the nature of things,
it was impossible for one of the defendants, singly, to have
committed the act complained of.

We fail to appreciate the force of the position assumed. The
state of case charged in the declaration may not have been es-
tablished by the proof, nor was it necessary to have been, in an
action *ex delicto.* The proof may have failed to establish any
of the averments of the declaration in respect to the company
acquitted.

And whether impossible or not for one of the defendants,
singly, to commit the trespass, the tort was, in its nature, the
separate act of each, and for that reason it is familiar law, that
if several persons, jointly, commit a tort, the plaintiff in gen-
eral has his election to sue all or some of the parties jointly, or
one of them separately, and that part where several are sued
may be found guilty, and part not guilty.

In *Frink et al.* v. *Potter,* 17 Ill. 406, an action against four
defendants for an injury to a passenger in one of their stage
coaches, (the declaration having averred that the defendants
were proprietors of the coach, and that for want of proper care
on their part the coach was overturned, and plaintiff thereby

hurt,) it was claimed, that to maintain the *action* the plaintiff must prove that *all* the defendants were joint owners of the stage line; but it was held, that the plaintiff, to maintain his *action*, was not compelled to prove all the defendants guilty, or the alleged relation of all the defendants to each other; that if the defendants were joint owners of the stage line, and the injury arose from the fault of either of them or their servants, each and all were guilty, if but a portion of them were proprietors, then such portion and each of them were guilty; that the *allegata* and *probata* were not required to correspond in such case. And the rule was recognized, that the plaintiff may recover against so many as he proves guilty of the alleged wrong, although he may have alleged the wrong to have been committed jointly by all of them.

This is an authority in opposition to the supposed distinction which appellant claims to exist between the case where a tort is alleged, generally, to have been committed by defendants, and the one where the allegation is that the tort was committed by them through the means of an article of property which they jointly owned and were jointly using, to-wit: that in the former case the proof need not correspond with the allegation, but that it must in the latter case. And we can see no room for the distinction attempted to be made by appellant in argument, so far as affects the present question, whether the averment be that the defendants themselves committed the trespass, or that they committed it by their servants. See, also, *Baker* v. *M. S. and N. I. R. R. Co.* 42 Ill. 73.

We find no ground for reversing the judgment, and it is affirmed.

*Judgment affirmed.*