Clinton Pierson, Appellee, v. Lyon & Healy, Appellant.

Gen. No. 14,554.

1. NEGLIGENCE—*what by driver of truck.* It is negligence for a driver to back his truck without looking behind and when the duty to look is not observed and in consequence the truck is backed into a street car to the injury of the conductor, actionable negligence is established.

2. NEGLIGENCE—*when joint liability need not be established.* Even though the declaration charged joint liability against the several defendants, a verdict of not guilty as to one of such defendants does not exonerate the other if the negligence charged against such other has been proven.

3. VERDICTS—*when not excessive. Held,* that a verdict for $10,000 rendered in an action on the case for personal injuries is not excessive where it appeared that the plaintiff sustained a compound fracture of both bones of the leg; that as a consequence one of such legs was rendered an inch and a half shorter than the other and has become crooked and deformed; that the motion of one of the ankles became greatly limited and that at the time of the trial, two years after the accident, the wound was still open, due, according to the evidence, to necrosis of the bone; and that the plaintiff was not able to work for more than a year after his injury.

Action in case for personal injuries. Appeal from the Superior Court of Cook county; the Hon. WILLIAM H. McSURELY, Judge, presiding. Heard in this court at the March term, 1908. Affirmed. Opinion filed June 28, 1909.

**Statement by the Court.** In an action on the case for personal injuries brought by appellee, as plaintiff, against Lyon & Healy, a corporation, and the city of Chicago, defendants, there was a verdict and judgment

in favor of the city of Chicago, and a verdict and judgment thereon for plaintiff against Lyon & Healy for $10,000 damages, from which judgment said corporation prosecutes this appeal.

Plaintiff was the conductor of an open street car going west in the north track in Forty-third street. At the intersection of said street and Prairie avenue a collision occurred between said street car and a gasoline truck of appellant, in which collision plaintiff sustained the injuries complained of.

On a line with the north line of Prairie avenue and seventeen feet north of the north rail of said street car track was a stone walk across Prairie avenue. A few feet north of this cross-walk was an open trench, extending from the east side of Prairie avenue to within ten or twelve feet of the west curb in that avenue, so that the only part of the roadway open for travel was the space between the west end of said trench and the west curb. Prairie avenue had at one time been paved with wooden blocks. On the west side of the avenue, from the crosswalk to the street car track, these blocks were out, leaving a hole six to twelve inches deep, which was partly filled with water.

The truck of appellant came into Forty-third street one block east of Prairie avenue, and proceeded west in the north street car track to Prairie avenue, and there turned north into that avenue. It ran in a northwesterly direction until its fore wheels ran upon said crosswalk, and was then near the west curb. A team and wagon going south reached the cross-walk about the same time. They were east of the truck, and there was not room for the truck to pass between the wagon and the west curb. The driver of the truck stopped his truck with its fore wheels on the cross-walk. Within a few seconds after the truck was so stopped, the street car on which plaintiff was the conductor reached Prairie avenue. Plaintiff, who had been collecting fares, went on the running board to the rear end of his car to get upon the rear platform. He had his right

foot on the platform and the left on the running board, when his right leg, just above the ankle, was struck by the tail gate of the truck, and crushed between the tail gate and the car.

CALHOUN, LYFORD & SHEEAN, for appellant.

JAMES C. McSHANE, for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

Five witnesses called by the plaintiff testified that after the truck stopped, and after the greater part of the car had passed behind it, the truck backed four to six feet, and that the tail gate, which was down, struck the plaintiff, who was on the running board at the rear end of the car.

Appellant called three witnesses, Stinson, Tartt and Terry, who were all on the truck at the time of the collision. Stinson, the driver of the truck, testified that he stopped the truck because the team going south stopped and he could not pass by the team and wagon; that he threw the machine out of gear and applied the brake, that he did not look back and did not know that a car was there until the car struck his truck. He further testified that with the machine out of gear it could be backed by pressing his foot on a pedal, but that he did not press the pedal or back the machine. Tartt testified that the tail gate of the truck when it stopped was so near the railroad track that a car could not pass by, that the front end of the car struck the tail gate and the tail gate scraped along the side of the car. Terry testified that the car struck the corner of the tail gate and threw the car forward, that it bounced back, and when it went back a second time, caught the leg of the plaintiff.

The testimony of the witnesses for the plaintiff tended to show that the truck backed into the car, and the testimony of the witnesses for the appellant, that

Pierson v. Lyon & Healy, 150 Ill. App. 116.

the car ran into the truck before the truck had gone far enough from the car track to permit a car to pass by.

The testimony of defendant's witnesses is inconsistent with the physical facts. The truck was thirteen feet long over all, including the tail gate; the distance from axle to axle was nine feet, and the distance from the north rail to the cross-walk seventeen feet. The fore wheels of the truck were on, not at, the cross-walk, the body of the truck extended some distance forward of the hubs of the fore wheels, and the rear end of the tail gate must have been at least six feet from the north rail of the street car track when the car stopped with its fore wheels on the cross walk.

We think that the jury from the evidence might properly find that the truck went far enough north from the track to permit the car to pass by, and then stopped and backed into the car, and that such backing of the truck was the direct and proximate cause of plaintiff's injury.

Stinson testified that he did not apply the reverse, but defendants offered no testimony to account for or explain the backing of the truck, and we think that from all the evidence the jury might properly find that Stinson did apply the reverse and back the truck into the car.

Appellant contends that even if the driver did back his truck against the car, he had no notice or knowledge that a street car was behind his truck, and therefore was not guilty of negligence in so backing his truck. With this contention we cannot agree. It is as much the duty of the driver of an auto truck when he backs his truck to look behind him, as it is to look to the front when he starts his truck forward.

We think that from all the evidence the jury might properly find that the defendant was guilty of negligence which was the direct cause of plaintiff's injury.

If the defendant was guilty of negligence which caused or contributed to plaintiff's injury, it is immaterial whether the motorman was or was not also

guilty of negligence in attempting to pass behind the truck when it was only a few feet away from the track. He had charge of the operation of the car in the absence of signals from the conductor, and if he was negligent in operating the car under the circumstances shown by the evidence, his negligence cannot be imputed to the plaintiff. Nonn v. C. C. Ry. Co., 232 Ill. 378; C. U. T. Co. v. Leach, 215 Ill. 184.

We think that from the evidence the jury might properly find that the plaintiff was in the exercise of reasonable care for his own safety.

Appellant further contends that as the declaration alleged that the proximate cause of plaintiff's injuries was negligence on the part of appellant, combined and concurrent with negligence on the part of the city of Chicago, that therefore a verdict of not guilty as to the city was a finding that the negligence alleged in the declaration was not proved. This contention cannot, in our opinion, be sustained. As against appellant, it was only necessary for the plaintiff to prove the negligence alleged against it in the declaration. To entitle plaintiff to a verdict against appellant, it was not necessary to prove a joint liability on the part of appellant and the city of Chicago. I. & St. L. R. R. Co. v. Hackethal, 72 Ill. 612; I. C. R. R. v. Foulks, 191 id. 57; Postal Tel. Co. v. Likes, 225 id. 249.

We find no error in the rulings of the trial court on instructions.

Plaintiff sustained a compound comminuted fracture of both bones of the leg two or three inches above the ankle. The small bone of the leg was broken into several pieces, and two and a half or three inches of the bone were taken out. The leg is an inch and a half shorter than the other leg, is crooked and deformed. The motion of the ankle is greatly limited, and the ankle is enlarged. At the time of the trial, two years after the accident, the wound was still open, due, as the surgeons testified, to necrosis of the bone. Plaintiff was not able to work until more than a year after his

injury.   We do not think that for such an injury, attended with such consequences, the damages awarded can be held excessive.

The record is, we think, free from reversible error, and the judgment of the Superior Court will be affirmed.

*Affirmed.*