CLINTON PIERSON, Appellee, *vs.* LYON & HEALY, Appellant.

*Opinion filed December 22, 1909—Rehearing denied Feb. 3, 1910.*

1. NEGLIGENCE—*when the court must submit case to jury.* If there is evidence tending to show that the defendant's servant suddenly and without warning backed the auto truck he was driving into the street car on which the plaintiff was conductor, thereby injuring him as he stood on the running-board of the car, collecting fares, it is the duty of the court to submit the case to the jury.

2. SAME—*when street car conductor is not, as a matter of law, guilty of contributory negligence.* A street car conductor is not, as a matter of law, guilty of contributory negligence in stepping upon the running-board of the car to collect fares without anticipating that an auto truck standing several feet away would suddenly back into the car and injure him, but such question is one of fact for the jury.

3. SAME—*when a joint liability need not be proved.* The fact that a declaration in a suit for damages charges that both defendants were guilty of negligence does not require proof of a joint liability in order to authorize a recovery, and if the guilt of one of such defendants of the negligence charged in the declaration is proven and is shown to be the cause of the injury a recovery against such defendant is authorized.

4. INSTRUCTIONS—*when exercise of due care is not limited to moment of injury.* An instruction explaining that the meaning of ' the requirements of other instructions that the plaintiff must have exercised ordinary care for his safety was "that he was required

to exercise that degree of care which an ordinarily prudent person situated as plaintiff was before and at the time of the accident would have exercised for his own safety," does not ignore the plaintiff's conduct in getting in the position he was when injured.

5. SAME—*instruction that plaintiff need not prove case beyond a reasonable doubt is proper.* An instruction in a personal injury case stating that "the plaintiff is not bound to prove his case beyond a reasonable doubt but is merely bound to prove it by a preponderance of the evidence" is proper.

6. SAME—*when refusal of a specific instruction is proper.* An instruction requiring the jury to find for the defendant if they believe, from the evidence, that the direct and immediate cause of the collision which injured the plaintiff was due to the condition of the street and not to any negligence of the defendant, is properly refused, where other instructions are given stating, in substance, that the plaintiff could not recover against such defendant unless the plaintiff proved that his injury was the proximate result of such defendant's negligence, as alleged in the declaration.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. WILLIAM H. McSURELY, Judge, presiding.

CALHOUN, LYFORD & SHEEAN, for appellant.

JAMES C. McSHANE, for appellee.

Mr. CHIEF JUSTICE FARMER delivered the opinion of the court:

This was an action to recover damages for personal injuries, brought by appellee against appellant and the city of Chicago in the superior court of Cook county. At the close of all the evidence the court gave a peremptory instruction directing the jury to find the defendant the city of Chicago not guilty. The jury returned a verdict as directed, and also a separate verdict finding appellant guilty and assessing appellee's damages at $10,000. Motions for a new trial and in arrest of judgment were overruled and judgment entered on the verdict. On appeal to the Appel-

late Court for the First District the judgment was affirmed, and this further appeal has been prosecuted to this court.

Appellee was a conductor in the employment of the Chicago City Railway Company. On September 26, 1905, he was injured in a collision between the street car on which he was working and an auto truck owned by appellant and operated by its employee, at the intersection of Prairie avenue and Forty-third street, in the city of Chicago. Prairie avenue runs north and south and Forty-third street east and west. A double line of street railway tracks is located on Forty-third street, the north track being used for west-bound and the south track for east-bound cars. Seventeen feet north of the north rail of the car track a raised pathway or stone walk crosses Prairie avenue east and west. Between this pathway and the car track there was a hole or depression in the street, extending about twenty feet east and west and ten or fifteen feet north and south and being from six inches to one foot in depth. A new building was in course of construction on the northeast corner of Forty-third street and Prairie avenue. In front of this building, on the east side of Prairie avenue and just north of the stone walk crossing it, there was an open ditch two or three feet wide and extending to within ten or twelve feet of the west curb of Prairie avenue, which it seems had been excavated for the purpose of making water connections with the new building. Under these conditions the only means of travel for vehicles going north from Forty-third street into Prairie avenue and going south from Prairie avenue into Forty-third street was over that portion of the street, ten or twelve feet wide, between the west curb of Prairie avenue and the west end of the ditch. On the day of the injury the auto truck of appellant was being driven westward along one of the car tracks in Forty-third street. On arriving at the intersection of Forty-third street and Prairie avenue the driver turned north. When the front wheels of the truck were near or on the cross-

walk on Prairie avenue and the rear wheels in the depression in Forty-third street the truck was stopped, as a team and wagon coming from the north on Prairie avenue had just been driven into the narrow passageway above described, through which a wagon and an auto truck could not pass at the same time. While the auto truck was in this position a west-bound open car on Forty-third street, on which appellee was conductor, crossed Prairie avenue. Appellee had been collecting fares and was walking back on the foot-board to the rear platform of the car. He had just raised his right foot to step up on the platform when the rear end of the car came into collision with the tail-gate of the auto truck, and appellee's left leg was thereby caught and crushed a few inches above the ankle.·

There was a conflict in the evidence as to the direct cause of the collision. The testimony offered by appellant tended to prove that the tail-gate of the auto truck was not clear of the car by about an inch and that the collision was caused by the car running into the truck, while five witnesses for appellee testified that after the auto truck had stopped, so that its tail-gate cleared the street car track from five to six feet, it was suddenly backed by the driver against the rear end of the car that was passing at a low rate of speed. Upon this question the Appellate Court in its opinion says: "We think that the jury, from the evidence, might properly find that the truck went far enough north from the track to permit the car to pass by and then stopped and backed into the car, and that such backing of the truck was the direct and proximate cause of plaintiff's injury. * * * We think that from all the evidence the jury might properly find that the defendant was guilty of negligence which was the direct cause of plaintiff's injury."

It is contended by appellant that the court should have granted its motion to direct a verdict in its favor on the ground that there was no proof of negligence on the part of appellant, and also on the ground that the appellee was

guilty of contributory negligence in riding on the foot-board of the car. The evidence abundantly tended to show that the appellant's servants suddenly and without warning backed the truck against the side of the car of which appellee was conductor, and that before starting to back it, it was standing still at a distance of five or six feet from the track. Under the repeated decisions of this court it was the duty of the trial court to submit the case to the jury, and it would have been error not to have done so.

The car on which appellee was riding at the time of his injury was an open summer car, with seats running cross-wise. There was a foot-board alongside the car for the purpose of enabling passengers to enter and alight from the car and upon which the conductor passed backwards and forwards in collecting fares from passengers. It was while appellee was on this foot-board, engaged in collecting fares, that he was injured, and it is contended he was guilty of contributory negligence in being on the foot-board and in not looking ahead to see if there was any danger to him while so riding. It cannot be said, as a matter of law, that in riding in the position he was when he was injured, appellee was guilty of contributory negligence. The most that can be claimed is, that it was a question of fact for the jury. Nor can it be said, as a matter of law, that the failure of appellee to see and anticipate the danger of injury from the auto truck was contributory negligence. If he had seen the truck standing six feet from the track, he was not obliged to anticipate that the driver would, without looking back to see if it was safe to do so, and without warning, suddenly run the truck backwards. Whether appellee was in the exercise of due care or whether he was guilty of contributory negligence were questions of fact properly submitted to the jury. *Chicago City Railway Co.* v. *Fennimore,* 199 Ill. 9; *Chicago, Burlington and Quincy Railroad Co.* v. *Gunderson,* 174 id. 495.

In addition to the charge of negligence against appellant, the declaration, consisting of one count, charged that the city negligently suffered and permitted the street to become and remain in a defective and dangerous condition of repair, in that there was a large hole, filled with water, at the intersection of Forty-third street with Prairie avenue; that said hole constituted a dangerous obstruction to auto trucks and other vehicles traveling upon said street. The declaration further alleges that appellant, through its servants, was in charge of a large auto truck being driven northward from Forty-third street through said hole upon Prairie avenue; that "said servants so in charge and control of the driving, operation and management of said auto truck, as aforesaid, then and there so negligently, carelessly and improperly drove, managed and operated said auto truck that as a direct result and in consequence thereof, and as a direct result and in consequence of the existence of said hole at said place, as aforesaid, the said auto truck thereby then and there ran backward in said hole and against the north side of said car, and the plaintiff's left leg was thereby then and there caught and crushed between said auto truck and said car." Appellant contends that the declaration charges the proximate cause of appellee's injury was the combined and concurrent negligence of appellant and the city of Chicago, and that the verdict of not guilty as to the city of Chicago was equivalent to a finding that the negligence charged in the declaration was not proved. We do not think the rule invoked by appellant is applicable to the declaration in this case. It is true, negligence is alleged against both appellant and the city of Chicago, who were made joint defendants. In *Indianapolis and St. Louis Railroad Co.* v. *Hackethal,* 72 Ill. 612, it was held unnecessary in actions of tort against several defendants to prove a joint liability in order to justify a recovery; that if the guilt of any one of the defendants of the negligence charged in the declaration was proven a recovery

could be had as to such defendant. See, also, *Illinois Central Railroad Co.* v. *Foulks,* 191 Ill. 57.

In *Postal Cable Telegraph Co.* v. *Likes,* 225 Ill. 249, each count of the declaration, after setting out the negligence charged against each of the joint defendants, alleged that the injury resulted to the plaintiff "in consequence of the joint and concert careless and negligent conduct of the defendants." A verdict was returned against both defendants, but on motion of the plaintiff judgment was rendered against one defendant only, and plaintiff dismissed the suit as to the other defendant. It was contended, on appeal, that to sustain the verdict and judgment it was necessary to prove the joint negligence of both defendants in order to establish any connection between the injury to the plaintiff and the negligence of the defendant against whom the judgment was rendered. This court held the evidence justified a recovery, under the averments of negligence, against the Postal Telegraph Company, and that plaintiff was not bound, under the averments of joint negligence of the two defendants, to prove both guilty in order to justify a recovery, and said (p. 265): "This question has been heretofore decided by this court adversely to the appellant's contention. In *Davis* v. *Taylor,* 41 Ill. 405, it was held that taking a judgment against a portion of the defendants amounts to a dismissal of the case as to the residue, and that in actions *ex delicto* this may be done because there is no contribution among wrongdoers, and that if the mode of doing it is irregular, it is an irregularity which works no prejudice to those defendants against whom the judgment is taken. Under the authority of the case last cited the action of the plaintiff in moving for judgment against the Postal company alone, and the action of the court in entering judgment against that company, amounted to a dismissal of the case as to the railway company, and if there was any irregularity in the proceedings in this regard it is one of which appellant cannot complain. It was also

held in *Illinois Central Railroad Co.* v. *Foulks,* 191 Ill. 57, that where the jury has returned a verdict against several defendants in an action *ex delicto,* the plaintiff may dismiss his suit as to a portion and take judgment upon the verdict against the remainder of the defendants."

It is not alleged in the declaration that appellant and the city of Chicago were at the time of appellee's injury jointly engaged in the performance of any act which caused the injury.  If the proof sustained the averment that the injury resulted from the careless and negligent manner in which appellant's servants drove, managed and operated the auto truck, it was sufficient to sustain a recovery notwithstanding the averment that the injury was also a result of the defect in the street.  The latter averment was essential to authorize a recovery against the city but was not necessary to a recovery against appellant.  If the proof had shown that the auto truck had run backwards by gravity on account of the hole in the street then there would have been force in appellant's contention, but the weight of the proof tends to show that this was not the case but that the truck was run backwards by its driver.  In such case, finding the city of Chicago not guilty did not require that appellant should be found not guilty also.

Objection is made to the following instruction given on behalf of the appellee:

"The court instructs the jury that when it is said in these instructions that the plaintiff was required to exercise ordinary care for his own safety, it is meant that he was required to exercise that degree of care which an ordinarily prudent person situated as plaintiff was before and at the time of the accident would have exercised for his or her own safety."

The criticism made of this instruction is, that it omits any reference to the conduct of appellee in placing himself in the position he was in when injured.  There is no merit in this objection.  The instruction, as to time, is not lim-

ited to the instant of the injury, but tells the jury that the degree of care required of appellee was such as an ordinarily prudent person "situated as plaintiff was before and at the time of the accident would have exercised." This has been approved in *South Chicago City Railway Co.* v. *Kinnare,* 216 Ill. 451, and *Chicago City Railway Co.* v. *O'Donnell,* 208 id. 267.

It is contended the court erred in instructing the jury, on behalf of appellee, "that the plaintiff is not bound to prove his case beyond a reasonable doubt but is merely bound to prove it by a preponderance of the evidence." This instruction was approved in *Chicago Consolidated Traction Co.* v. *Schritter,* 222 Ill. 364, and is also sustained by *Chicago City Railway Co.* v. *Nelson,* 215 Ill. 436, *Taylor* v. *Felsing,* 164 id. 331, *Chicago City Railway Co.* v. *Bundy,* 210 id. 39, and other cases that might be cited.

It is insisted the court erred in refusing the following instruction asked on behalf of appellant:

"The court further instructs the jury, that if you believe, from the evidence, that the direct and immediate cause of the collision in question was the condition of the street in question at the time in question, and that said collision was not caused by negligence on the part of any employee of the defendant, Lyon & Healy, in such case you should find the defendant, Lyon & Healy, not guilty."

The jury were told repeatedly in other instructions, in substance, that there could be no recovery against appellant unless appellee proved, by the preponderance of the evidence, that his injury was the proximate result of the negligence of appellant alleged in the declaration. There was therefore no error committed in refusing the instruction asked. *National Enameling Co.* v. *McCorkle,* 219 Ill. 557.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*