## LEVIN v. JOSEPH E. SEAGRAM & SONS, Inc.

### No. 9099.

Circuit Court of Appeals, Seventh Circuit.

Nov. 23, 1946.

Rehearing Denied Dec. 19, 1946.

Writ of Certiorari Denied March 10, 1947.

See 67 S.Ct. 971.

Leslie H. Vogel and George C. Bunge, both of Chicago, Ill. (Miller, Gorham, Wescott & Adams and Robert C. Vogel, all of Chicago, Ill., and Forrest S. Blunk, of Rock Springs, Wyo., of counsel), for appellant.

Matthew Steinberg and Fred Polacek, both of Chicago, Ill., for appellee.

Before MAJOR and MINTON, Circuit Judges, and BALTZELL, District Judge.

MINTON, Circuit Judge.

This is an action for the negligent operation of a tractor-trailer truck unit by the defendant on North Avenue in the City of Chicago. The plaintiff recovered judgment, from which the defendant appeals.

North Avenue runs in an east and west direction. There are east and westbound

street car tracks in the center of the street. Approximately 150 feet west of the intersection of Milwaukee and North avenues and on the north side of North Avenue is an entrance to a passageway leading to the premises of the Capitol Wine and Liquor Company. This passageway runs at an angle northeast from the north curb of North Avenue.

On the afternoon of October 25, 1944 the defendant's tractor-trailer unit, hereafter referred to as the truck, had a delivery to make through this passageway. The truck was driven east on North Avenue on the south side thereof between the eastbound car tracks and cars parked along the south curb to a point about opposite the entrance to the passageway. The truck stood in this position until another truck had moved from the passageway. While the truck was standing in this position, the plaintiff drove a horse and wagon east on North Avenue. Just as he was passing the truck, some bundles of papers he was hauling fell from the wagon into the street. He stopped his wagon in front of the left front wheel of the tractor and got off to pick up the papers. A policeman helped him throw the bundles of papers to one side near the cars parked along the south curb and to the rear of the truck. One of the bundles broke open, and the papers were scattered in the street. The policeman told the plaintiff to drive his wagon up farther because the truck was going to back in. The plaintiff moved his wagon east to a point just beyond an alley on the south side of the street. Thereupon, the driver of the truck angled northeast across North Avenue for a distance of about 50 or 60 feet to get into position to back into the passageway.

The plaintiff returned to pick up his papers along the south side of the street. He looked and saw no traffic coming from the west. He saw the truck standing at its farthest point east. While he was picking up his papers, the truck started to move back without warning. The driver was on the left side with the left cab door open to see where he was going. Two persons were on the left side of the truck assisting him in this operation. There was no one on the right side of the truck to inform him of the conditions on that side and he could not see what the conditions were on that side. The policeman was walking west on North Avenue about 70 feet from the rear of the truck.

As the driver of the truck cut the tractor so that it was heading toward an angle southwardly and the trailer was backing in a northerly direction, in what was known as a jack-knifing operation, the plaintiff had picked up a bundle of papers and had just straightened up when a corner of the trailer hit him about the shoulder and knocked him down, and the right rear tractor wheels ran over his legs. His right leg was broken in two places; his left leg was broken in four places and so severely injured that it became necessary to amputate it. The plaintiff had no warning or notice that the tractor part of the truck was going to make a change in direction. The truck was moving at the rate of one to two miles an hour.

The defendant at the conclusion of all the evidence made a motion for a directed verdict. This challenged the sufficiency of the evidence to support the verdict.

■■ From the foregoing facts and the reasonable inferences to be drawn from the facts proved, it is apparent that there was substantial evidence to support the verdict of the jury as to both negligence on the part of the defendant and freedom from contributory negligence by the plaintiff. When the defendant moved its truck backward in the street, it was bound to know that others might lawfully be using the street, and when it backed the truck and changed direction without warning and without the driver knowing what was on his right-hand side, a clear question was presented to the jury as to whether or not the defendant used reasonable care under the circumstances. Pierson v. Lyon & Healy, 150 Ill.App. 116, 119, affirmed, 243 Ill. 370, 90 N.E. 693; Garrett Const. Co. v. Aldridge, 8 Cir., 73 F.2d 814, 816; Chapman v. Ewing, 46 Wyo. 130. 24 P. 2d 687, 25 P.2d 1019, 42 C.J. 935, 936.

■ As to the contributory negligence of the plaintiff. It is obvious that the plaintiff had a right to be in the street where he was and that the defendant was charged.

with notice of the plaintiff's right to be there. There is some evidence from which it might reasonably be inferred that the driver knew or ought to have known that the plaintiff was on the south side of the street picking up his papers at the time the driver started the backing operation. A sudden change of direction of the tractor caused the trailer to swing out and strike the plaintiff. It was a reasonable inference from the facts proved that the change of direction was sudden, unexpected, and without any warning to the plaintiff. As the Supreme Court of Illinois said recently in Moran v. Gatz, 390 Ill. 478, 486, 62 N.E.2d 443, 446: "Each case must be determined from its particular facts. The question of contributory negligence is one which is preeminently for the consideration of a jury."

The facts and circumstances surrounding the plaintiff at the time and place concerned clearly presented a question for the jury as to the plaintiff's freedom from contributory negligence. The verdict is amply supported by evidence, and no error is apparent in overruling the defendant's motion for a directed verdict.

The defendant contends that it was prejudiced because the court did not advise counsel before argument what instructions the court would and would not give, in accordance with the requirement of Federal Rule of Civil Procedure 51.[1] The following colloquy took place between the court and counsel for the defendant:

"Mr. Vogel: * * * I should like to be advised by the Court the substance of the charge to the Jury before argument.

"The Court: The substance of the charge to the Jury before argument?

"Mr. Vogel: Yes.

"The Court: I can't advise you right now. I can advise you generally as to the charge to the Jury. My secretary is typing it at the present moment. What do you want to know? They are the usual instructions in a personal injury case.

"Mr. Vogel: No. I should like to be advised, if the Court please, of the instructions and the substance of the instructions which the Court will give to the Jury in advance of argument. Otherwise it would be impossible intelligently to discuss those questions.

"The Court: You know what the usual instructions are in a personal injury case. You have tried lots of them.

"Mr. Vogel: Yes.

"The Court: Nothing unusual about this case that requires anything different from the ordinary instructions as to due care and negligence and want of due care and damages, and so forth. Have you any particular point in mind in making your request?

"Mr. Vogel: Counsel has submitted to the Court a number of requests, on both sides; I do not know which of those requests, if any, the. Court will adopt in the charge.

"The Court: I am adopting most of them, in substance. I am not giving any instructions that are argumentative.

"Mr. Vogel: Surely.

"The Court: I will try to explain to the Jury the questions of due care and negligence, and what is due care and what is negligence, and the rights of persons on the street as recognized by the cases, and the usual instruction as to damages.

"Mr. Steinberg: And the duty to keep a reasonable lookout. Will that be given?

"The Court: That will come under the question of due care, I suppose, and negligence. As I say, my secretary is typing the instructions right now. If you have anything in particular now—

"Mr. Vogel: All I have in mind is that I don't know specifically how the Court is going to instruct the Jury.

"The Court: I can't tell you any more than that it will be usual instructions in personal injury cases, of accidents happening on the public highways; the usual instructions as to damages. Anything else, Mr. Vogel?

"Mr. Vogel: Oh, yes. The three motions which were filed last night."

 Rule 51 did not require the court to inform the defendant's counsel of its

---

[1] 28 U.S.C.A. following section 723c.

proposed action on all the instructions given but only as to what action the court had taken upon the requests of the defendant's counsel for instructions. To this the court replied: "I am adopting most of them, in substance. I am not giving any instructions that are argumentative." Counsel for the defendant, seemed to be satisfied. At least, he made no request for time to read the instructions before argument, nor for a recess to thus enable him to read them.

The court should not act arbitrarily when request is made by counsel as to the action of the court on the instructions requested and the giving of instructions generally. If counsel requests information as to the instructions and is not satisfied with the response of the court, before he can claim prejudice thereby he will have to do more than acquiesce in the court's response which he thinks unsatisfactory. Dallas Ry. & Terminal Co. v. Sullivan, 5 Cir., 108 F.2d 581, 583. He must request to see and read the instructions, and if that is denied he will then be in a position to show that he was prejudiced, if in fact he was. Certainly the defendant has not shown that the court's action in this case was prejudicial. Mere dissatisfaction with the court's response to a request for information as to the instructions the court would give in and of itself does not show that the court's action was prejudicial to the defendant.

■ The defendant excepted to the court's instructions because the court did not include in substance: "That the plaintiff under the law was required to exercise his faculties with ordinary and reasonable care, and that if he could have avoided the accident in question by the use of his faculties and that he negligently failed so to do that he cannot recover in the cause."

The trial court replied that it thought the defendant's request was covered by the general instruction which it had given. We agree with the trial court. A very extensive instruction on contributory negligence was given. We do not think it necessary to set forth at length the instructions given. They fairly stated the rule as to the plaintiff's conduct in order to enable him to escape the finding that he was guilty of contributory negligence. The court did not tell the jury that the plaintiff "must use his faculties" to avoid being injured, but it most emphatically told the jury that it was the duty of the plaintiff under the circumstances at the time and place to use due care for his safety and that the burden was on the plaintiff to prove that he had done so. We think the instructions given by the court are broad enough to meet the defendant's objection. Where an objection is made to the failure to give an instruction that is not improper but the instructions as given are broad enough to cover the proposition of law to which the objection is directed, it is not prejudicial error to overrule such objection. Wintersteen v. National Cooperage & Woodenware Co., 361 Ill. 95, 106, 197 N.E. 578, 584; People v. Anderson, 355 Ill. 289, 189 N.E. 338; Keller v. Brooklyn Bus Corporation, 2 Cir., 128 F.2d 510; Cohen v. Evening Star Newspaper Co., 72 App.D.C. 258, 113 F.2d 523, 524.

■ The defendant next objected because the court in its instructions failed to include in substance the following:

"While the law permits the plaintiff in the case to testify in his own behalf, nevertheless you have a right in weighing his evidence and in determining how much credence is to be given to it to take into consideration the fact that he is the plaintiff and is interested in the result of the suit.

\* \* \* \* \* \*

"While you are the judges of the credibility of the witnesses you have no right to disregard the testimony of an unimpeached witness if any sworn on behalf of the defendant simply because such witness is or was an employe of the defendant."

The almost identical instructions were requested and refused in Korn v. Chicago Rys. Co., 271 Ill. 329, 334, 335, 111 N.E. 85, 87, 88, and the court held it was not error to refuse to give said instructions in that case where there was no sharp conflict between the defendant's witnesses and the plaintiff's witnesses as to the essential facts of the case. No such sharp conflict exists here. The stories of the witnesses were not in serious conflict as to what happened; the only eyewitness to the scene was produced by the plaintiff, and his story corroborated the plaintiff's and was not contradicted.

Likewise, there is no error in refusing to include in the instructions given a statement to the effect that the complaint was not evidence in the case. Attabella v. Krzepton, 233 Ill.App. 320. This is especially true where as in the instant case the jury was not permitted to have the complaint in the jury room, and the court adequately instructed the jury that the burden was upon the plaintiff to prove his case by a fair preponderance of the evidence.

We find no error in the record, and the judgment of the District Court is affirmed.