James A. HARDIGG and Oscar C. Hardigg, Appellants,

v.

Cecil M. INGLETT, as Administrator of the Estate of Thomas W. Rivenbark, deceased, Appellee.

No. 7508.

United States Court of Appeals Fourth Circuit.

Argued Nov. 14, 1957.

Decided Dec. 31, 1957.

Julian B. Salley, Jr., Aiken, S. C. (Henderson, Salley & Cushman, Aiken, S. C., on the brief), for appellants.

Dorcey Lybrand, Aiken, S. C. (Lybrand, Simons & Smith, Aiken, S. C., on the brief), for appellee.

Before PARKER, Chief Judge, and SOBELOFF and HAYNSWORTH, Circuit Judges.

HAYNSWORTH, Circuit Judge.

■ Late in the evening of May 31, 1956, the plaintiff's decedent came to his death while riding as a passenger in an automobile owned by the defendant, Oscar C. Hardigg, and driven by his 20-year old son, the defendant James A. Hardigg. From a judgment entered upon a verdict for the plaintiff the defendants have appealed to this Court asserting principally that the plaintiff's decedent was guilty of contributory recklessness and wilfulness as a matter of law, and that a verdict should have been directed for the defendants upon that ground.

The defendant, James A. Hardigg, had driven three youthful companions, including the plaintiff's decedent, out to a roadhouse. Though he was known as a prudent and careful driver, he recklessly accelerated his father's new automobile to a speed exceeding one hundred miles an hour while swerving back and forth between the island in the center of the highway and the shoulder of the road. After he narrowly missed the railing of a bridge, the two boys on the rear seat protested. Hardigg straightened the course of the vehicle and reduced its speed somewhat, but they were then approaching the roadhouse at which he brought the car to a stop. Further protests were then voiced, whereupon Hardigg "giggled" and walked into the roadhouse, appearing, to one of the boys, to pay little attention to these remonstrances.

Approximately an hour later, the plaintiff's decedent and Hardigg left the roadhouse intending to return after picking up a young girl of their acquaintance. One of the boys refused to go on this trip and reminded the plaintiff's dece-

dent of the possibility of fatality in automobile accidents. To this admonition, the plaintiff's decedent responded, "I don't care." The fourth boy considered going, but decided to remain at the roadhouse until Hardigg's return.

Hardigg was driving as he and the plaintiff's decedent left the roadhouse. After going approximately three miles, the car ran off the road. The plaintiff's decedent was fatally injured.

Hardigg, who was unconscious for some time after the accident, recalled little or nothing of what occurred after the two boys left the roadhouse, and there were no other known witnesses to the accident. The defendants concede, however, that the physical evidence and other testimony was sufficient to warrant the jury's finding that Hardigg was negligent in that degree which will permit recovery by a guest under the laws of South Carolina.[1] They contend, however, that the testimony is susceptible of no other inference than that the plaintiff's decedent was negligent, heedless or reckless in the same degree as Hardigg.

With this we cannot agree, and we think the District Judge was entirely correct in overruling the several motions founded upon this contention.

■ It is settled in South Carolina that when a guest voluntarily continues to ride with a driver, who, because of intoxication, is not in possession of his faculties, or who so persistently drives in a reckless manner, after warning, as to make the guest conscious of the danger in remaining in the automobile, the guest is negligent or reckless in the same degree as the driver. Nettles v. Your Ice Co., 191 S.C. 429, 4 S.E.2d 797; Augustine v. Christopoulo, 196 S.C. 381, 13 S.E.2d 918.

The testimony in the present case, however, was not so clear as to foreclose the inference that the plaintiff's decedent was not thus negligent. Hardigg had at least one glass of beer at the roadhouse, but it is not contended he was intoxicated or not in complete possession

1. Code of Laws of South Carolina, 1952, § 46–801.

of his faculties. His outrageous recklessness earlier in the evening was clearly shown to have been out of character, and the plaintiff's decedent might well have assumed that on the trip back into town Hardigg would drive with his accustomed prudence. In the mind of his close friend and frequent companion, Hardigg's proven habit of driving with care need not necessarily have been outweighed by one act of extreme foolhardiness.

The one boy who firmly declined to ride with Hardigg on the fatal journey and who warned the plaintiff's decedent of the tragic consequence of some automobile accidents, had met Hardigg for the first time only that evening. As it turned out, his judgment of Hardigg's driving was prophetic, but the jury might reasonably have concluded that those who knew Hardigg well and were familiar with his previous driving habits could have regarded his earlier flight from all of the restraints of caution as an isolated escapade.

With the failure of Hardigg's recollection, nothing is known of what transpired between the two boys after they left the roadhouse. There is no testimony upon which to found any inference that, during their short journey to the scene of the accident, the plaintiff's decedent did, or failed to do, anything which could be held to be contributory negligence.

Objection is also made to the Trial Court's refusal to inform counsel, in advance of the arguments to the jury, of its proposed action upon written requests for instructions. The requirement of Rule 51 of the Federal Rules of Civil Procedure, 28 U.S.C.A. that the Court so inform counsel is mandatory. The fact that the Court's action in this instance was not without some reason does not satisfy the requirement, but noncompliance with the Rule does not warrant a new trial unless material prejudice is shown to exist. The Court's instructions to the jury included all that was contained in the written requests except a portion of the fifth instruction

and no exception was noted to the failure to charge this. In the light of the evidence in the case, the defendant could not have been prejudiced by the failure of the Court to notify counsel in advance that this portion of the instruction would not be given. When counsel did not think the modification of the fifth instruction of sufficient importance to warrant an exception, it could hardly be so prejudicial as to warrant the granting of a new trial. It is not contended that the charge, as given, was incorrect or incomplete.

Affirmed.