**Willard FINKLE, Plaintiff,**

v.

**NEW YORK, NEW HAVEN AND HART-FORD RAILROAD COMPANY,
Defendant.**

**Civ. A. No. 8251.**

United States District Court
D. Connecticut.

July 6, 1960.

Robert C. Zampano, Zampano & Mager, East Haven, Conn., for plaintiff.

John D. McHugh, New Haven, Conn., for defendant.

HINCKS, Circuit Judge.

1. The first ground is claimed error in the charge as to mitigation of damages. This claim of error is overruled.

2. The second ground is that the charge wrongly instructed the jury not to include in its assessment of damages $1,-600 paid by the defendant to plaintiff in installments after the injury. This claim is overruled. These payments, voluntarily made to the plaintiff and received by him, on no theory constituted items of damage for which the plaintiff was entitled to recover from the defendant. They were rightly excluded from the verdict. And under Rule 13(a), Fed.R.Civ. P. 28 U.S.C.A., recovery of the payments by the defendant is barred by the judgment herein. This perhaps explains the absence of exception to this charge.

3. The third ground is failure to comply with Rule 51 by notifying counsel prior to the charge that the defendant's request as to mitigation would not be granted. One may doubt that the *plaintiff* under Rule 51 may complain of failure of advance advice as to a *defendant's*

request—especially when, as here, plaintiff's counsel after two specific invitations from the judge filed no requests to charge and proceeded with his summation without first having requested any ruling on the defendant's requests.

 But this aside, it is plain that Rule 51, in requiring that counsel be informed by the judge of his proposed action on requests to charge prior to their arguments to the jury, was intended neither as a trap for the judge nor as an indispensable ritual for all cases but as a means for the guidance of counsel in shaping their arguments when such information is needed for their guidance. Consequently, when counsel embark upon their summations without any request for such information, the trial judge may usually infer that they envisage no need for such information and treat the requirement as waived. Cf. Pennsylvania R. Co. v. Minds, 250 U.S. 368, 375, 39 S. Ct. 531, 63 L.Ed. 1039; Levin v. Joseph E. Seagram & Sons, 7 Cir., 158 F.2d 55. But even if the information were withheld on request, reversible error would occur only if substantial prejudice resulted. Levin v. Joseph E. Seagram & Sons, supra.

Here there was no prejudice. For on the subject of mitigation the charge as given left it to the jury to decide whether the plaintiff's refusal, if a refusal were found, to undergo a myelogram and a disc operation was "unreasonable." As the Restatement of Torts said, § 918, p. 606, "it is only where he is unreasonable in refusing or failing to take action to prevent further loss that his damages are curtailed." The defendant's requested charge had sought an instruction that "the injured party must take reasonable steps to reduce damages * * *." Thus the charge given on mitigation was more favorable to the plaintiff than that requested by the defendant and under both the charge and the request the reasonableness of plaintiff's conduct was an issue. And that is-

sue was vigorously argued in the summation.

Consequently, even if the plaintiff by requesting information as to the disposition of the defendant's request had put himself into a position to make a claim of prejudice, no prejudice was shown. Luther v. Maple, 8 Cir., 250 F.2d 916, 920; Levin v. Joseph E. Seagram & Sons, supra.

It is ordered that the motion be wholly denied.