Arrie GARLAND, Plaintiff-Appellant,

v.

MATERIAL SERVICE CORPORATION,
a corporation, Defendant-Appellee.

No. 13146.

United States Court of Appeals
Seventh Circuit.

June 20, 1961.

Rehearing Denied En Banc
July 27, 1961.

Harry A. Sherman, Pittsburgh, Pa., S. Eldridge Sampliner, Cleveland, Ohio, Arthur H. Schwab, Chicago, Ill., Douglas MacLeod, St. Louis, Mo., for appellant.

Stephan A. Milwid, Chicago, Ill., Schradzke, Gould & Ratner, Lord, Bissell & Brook, Chicago, Ill., of counsel, for appellee.

Before DUFFY and SCHNACKEN-BERG, Circuit Judges, and GRUBB, District Judge.

DUFFY, Circuit Judge.

This is an appeal from a judgment which was entered on a jury verdict favorable to the defendant. The complaint is in two counts. In Count I, plaintiff, a seaman and member of the crew of the motor vessel Ida Crown, claimed to have been injured due to the unseaworthiness of the vessel, and also due to acts of negligence by his employer. Count II was for maintenance and cure. This latter question has been disposed of separately in the District Court and is not before us.

In the year 1957, plaintiff went to work as a deckhand for a barge company, and continued in such capacity until the time he alleges he was injured. On the morning of November 18, 1959, the Ida Crown stopped at defendant's yard No. 9 where plaintiff and another deckhand tied off a loaded barge. In the afternoon, plaintiff and the same deckhand were endeavoring to cast off the lines on the loaded barge that they had earlier tied off, and discovered that the lines were fouled.

After the lines were untangled, plaintiff attempted to cast off the line by himself although another deckhand was close by, and he immediately thereafter grabbed his back. A bit later, while attempting to couple barges 1 and 2, he complained to his fellow deckhand that he had been hurt.

Two of plaintiff's fellow employees testified that on the day before plaintiff was injured, they observed him, while engaged with crew members in some sort of test of strength, lift a heavy steel ratchet above his head with one hand, and that thereafter plaintiff complained of a pain in his back.

Plaintiff's allegations of error can be placed in three categories: 1) his counsel was not permitted to engage in final argument in rebuttal after the close of the argument by defendant's counsel; 2) the trial judge erred in not according counsel for plaintiff an opportunity to review the instructions to be given to the jury; and 3) the charge to the jury was erroneous, being ambiguous, misleading and legally unsound.

Counsel for plaintiff had asked the Court for an hour and a half to present his argument to the jury. The Court stated that it would allot one hour to each side which "includes rebuttal." Near the close of plaintiff's opening argument the Court said: "Mr. Schwab, you have now used 50 minutes of your time, so gauge yourself accordingly." Plaintiff's counsel nevertheless continued with the argument and used up his allotted time of one hour.

■ We think there is no merit whatsoever in counsel's argument that he was not permitted to present arguments in rebuttal. The Court warned him when he had but ten minutes left. · We hold that this matter was entirely within the sound discretion of the Court and there was no abuse thereof.

Attorneys for both plaintiff and defendant presented proposed instructions to the jury. Rule 51, Federal Rules of Civil Procedure, 28 U.S.C.A., provides, "The court shall inform counsel of its proposed action upon the requests prior to their arguments to the jury * * *." The Judge informed counsel that the case at bar was an ordinary Jones Act case and that he was going to give "essential Jones Act instructions." Addressing plaintiff's counsel, he told him that some of his instructions would be given in modified form, and then stated that before the jury retired, he would give each side full opportunity to take any exceptions that it might desire to make.

Plaintiff's counsel said to the Court, "I was hopeful that we could possibly go over the instructions that have been tendered." The trial court replied, "No, I cannot do that. As I say, we could get in there and get into a discussion here and a discussion there. Now, I do concede that probably some judges do that, but I do far better and I just get along when I work it out myself." When plaintiff's counsel again brought up the point, the Court replied, "Well, I do not think that can be right, gentlemen, that you review the instructions that are going to be given by the Court. I have told you generally the way that I am going to instruct. This is not an unusual case. For me to take the time out here, an hour or an hour and a half, to go over the instructions with the attorneys, why, we just do not do it. After all, you have your exceptions. * * *"

It was not necessary, under Rule 51, that the trial court hold a conference with the attorneys and go over each of the instructions which the judge proposed to give. Some judges do not reduce to writing the so-called standard instructions which they may have given many times previously. However, a strict compliance with Rule 51 would seem to require an indication as to whether the requested instructions would be given. A quite common practice is for the trial judge to note as to each of the requested instructions, "given", "given in substance", "refused", "modified", or other suitable designations.

Although the trial judge did not strictly comply with Rule 51, he did indicate the nature of the charge he would give

to the jury. He stated he had considered the instructions tendered by both sides and commented that the plaintiff had submitted two sets of instructions. He further said his instructions would incorporate the pronouncements of the United States Supreme Court as to the applicable law in Jones Act cases. Plaintiff's counsel did not request time to read the instructions before argument.

In Levin v. Joseph E. Seagram & Sons, Inc., 7 Cir., 158 F.2d 55, this Court considered a somewhat similar situation. That case involved a suit for damages arising from an automobile accident. Defendant's attorney requested that he be advised before oral argument as to the substance of the charge to be given to the jury. The Court suggested it was an ordinary negligence case, and the usual instructions in that type of case would be given. This Court, in Levin, refused the contention of defendant's counsel that defendant was prejudiced because the Court did not comply strictly with Rule 51. We said: (at page 58)

"The court should not act arbitrarily when request is made by counsel as to the action of the court on the instructions requested and the giving of instructions generally. If counsel requests information as to the instructions and is not satisfied with the response of the court, before he can claim prejudice thereby he will have to do more than acquiesce in the court's response which he thinks unsatisfactory. * * * He must request to see and read the instructions, and if that is denied he will then be in a position to show that he was prejudiced, if in fact he was. Certainly the defendant has not shown that the court's action in this case was prejudicial * * *."

In the recent case of Puggioni v. Luckenbach Steamship Co., 2 Cir., 286 F.2d 340, the defendant's counsel had submitted numerous requests for instructions, and the trial court had noted "denied except as charged." The Court said at page 344: "A trial judge is not required to write out his charge in advance and submit it to counsel for their editing and exceptions * * *. Nor is he required to incorporate every proposition of law suggested in counsel's requests provided he covers the specific principles necessary for the jury's guidance * * *."

In Hardigg v. Inglett, 4 Cir., 250 F.2d 895, 897, the Court affirmed the judgment in spite of the fact that there was not a strict compliance with Rule 51, holding that a reversal or new trial was not warranted "unless material prejudice is shown to exist."

█ Trial judges should endeavor to substantially comply with Rule 51 because, under certain circumstances, refusal to do so might well be reversible error. However, we hold that under the circumstances of this case, reversible error has not been shown.

██ Plaintiff's third claim of error involves the charge to the jury. Plaintiff invites particular attention to the instruction, "A seaman accepts the obvious and well known risks of his employment * * *." The use of the three asterisks in this connection is improper. If a sentence in a judge's charge is to be challenged, at least the entire sentence should be set forth. The actual language used by the trial court was, "A seaman accepts the obvious and well known risks of his employment but does not run the risk of negligence of any of his fellow employees or of others. A seaman does not assume any risk involved in obeying orders, if any, of the officer in charge."

In plaintiff's instruction P-8, the plaintiff requested the following: "*A seaman accepts the obvious and well-known risks of business, but does not run the risk of negligence of others.*" (Emphasis supplied) Thus, we find that the language of which plaintiff complains was contained in his own requested instruction. Furthermore, in request for instruction P-9, plaintiff requested, "A seaman does not assume any risk involved in obeying orders." We hold there was no error in this instruction.

█ Plaintiff complains of other parts of the charge to the jury. We do not

**864**

consider it necessary to treat these criticisms separately. Suffice it to say, we think the trial court properly charged as to negligence and contributory negligence; also as to the alleged unseaworthiness of the vessel. In several respects, the Court charged more favorably to the plaintiff than was contained in plaintiff's requested instructions.

Finding no reversible error, the judgment of the District Court is

Affirmed.