Ann N. MOREDOCK, Petitioner,

v.

Douglas McMURRY, et al., Respondents.

Supreme Court of Tennessee.

Sept. 8, 1975.

W. Thomas Goodall, Jr., Charles W. Bone, Gallatin, for petitioner.

William H. Woods, Goodpasture, Carpenter, Woods & Sasser, Nashville, for McMurry.

James M. Hunter, Gallatin, for Green Executors.

Thomas A. Higgins, Cornelius, Collins, Higgins & White, Nashville, for Colonial Baking Co.

Thomas H. Peebles, III, Trabue, Sturdivant & DeWitt, Nashville, for Green & Little.

R. B. Parker, Jr., Parker, Nichol & Finley, Nashville, for Maness, Executor.

## OPINION

HENRY, Justice.

The sole issue with which we deal is the proper practice under Rule 51.01, Tennessee Rules of Civil Procedure.

We have considered the opinion of the Court of Appeals in the light of the petition for the writ of certiorari and the most excellent briefs submitted by all counsel and, except to the extent of its treatment of Rule 51.01,[1] Tennessee Rules of Civil Procedure, we are in full accord with the findings and conclusions of that court.

We deny the petition with a published opinion because we consider it in the best interests of the bench and bar that the new Rules of Civil Procedure be interpreted, construed and clarified with all deliberate speed.

This wrongful death action was tried to a jury in the Circuit Court at Gallatin. Prior to the jury charge counsel had submitted numerous special requests. The record affirmatively shows that the court declined to inform counsel of its proposed action on these requests and persisted in that refusal in the face of a specific motion for compliance with the rule.

In passing upon the assignment raising this question, the Court of Appeals said:

> We adopt the *minority* rule, namely that it is reversible error for the Trial Judge to fail to comply with Rule 51.01. The rule is a wholesome one. Its purpose is to enable counsel to present more intelligently his client's case to the jury and determine more intelligently whether he should ask for further special charges. (Italics ours)

▐ We agree with the Court of Appeals that this is a wholesome rule and that

failure of the trial judge to abide it is error; however, we are not prepared to hold that reversal is demanded in each and every case wherein the Rule is violated. Whether this is reversible error would depend upon many factors, including the complexity of the issues, the number of special requests, their nature, purpose and merit, the necessity for them and, above all, the existence of a bona fide and particularized need for the guidance of counsel in advance of argument.

This is a question of first impression in this jurisdiction; however, Rule 51.01 of the Tennessee Rules of Civil Procedure is identical with Rule 51 of the Federal Rules of Civil Procedure to the extent of this provision. Decisions under the Federal Rules are, therefore, persuasive.

▐ The requirement that the judge inform the parties prior to final argument of his action on requested instructions enables the parties to argue the instructions to the jury without being surprised when the instructions are given. *Hetzel v. Jewel Companies,* 457 F.2d 527 (7th Cir. 1972).

As noted in the Court of Appeals opinion, the majority of decisions from other jurisdictions seem to require an affirmative showing of "material prejudice" before awarding a new trial for failure of the trial court to announce which requests will be charged and which will be refused. See 91 A.L.R.2d 836, Anno. "Disclosing Proposed Instructions", 1963.

In the case of *Hardigg v. Inglett,* 250 F.2d 895, 897 (4th Cir. 1957), objection was made to the trial court's refusal to inform counsel, in advance of arguments to the jury, of its proposed action upon written requests for instructions. The court held that Rule 51 of the Federal Rules of Civil Procedure was mandatory on the court to so inform counsel. The court further stated,

---

1. Rule 51.01 reads as follows:
 "51.01. Requests for instructions At the close of the evidence or at such earlier time during the trial as the court reasonably directs, any party may file written requests that the court instruct the jury on the law as set forth in the requests. The court shall inform counsel of its proposed action upon the requests prior to their arguments to the jury, but the court shall instruct the jury after the arguments are completed. The court may, in its discretion, entertain requests for instructions at any time before the jury retires to consider its verdict."

however, that noncompliance with the Rule does not warrant a new trial unless material prejudice can be shown to exist.

In a Tennessee case, *Bradshaw v. Thompson,* 454 F.2d 75, 81 (6th Cir. 1972) where the appellant objected to the district court's refusal to inform counsel of its intended jury charges prior to closing argument as required by the Rule, the court noted only that "mechanical and administrative reasons" existed for this failure. The court recognized that:

> "Although this does not satisfy the unconditional mandate of the rule, noncompliance does not warrant a new trial unless material prejudice is shown to exist."

In *Garland v. Material Service Corporation,* 291 F.2d 861 (7th Cir. 1961), the trial judge refused to hold a conference and go over the instructions which had been tendered. The judge advised counsel that he was going to give the "essential Jones Act instructions", and plaintiff's counsel did not request permission to read the instructions before argument. The court held that Rule 51 did not require the trial judge to go over each of the instructions which he proposed to give, and that although he did not strictly comply with the Rule, nevertheless he substantially complied by indicating the nature of the charge he would give to the jury.

The case before this Court can be differentiated from the three aforementioned cases.

In *Hardigg, supra,* no exception was noted by counsel to the trial judge's charge and no contention was made as to the correctness or incompleteness of the charge. In this case, exceptions were noted and the correctness and completeness of the charge were challenged.

In *Bradshaw, supra,* there is no indication that counsel requested to be informed of the proposed instructions. In this case,

counsel timely requested the charge information from the trial judge; the trial judge, in essence, advised that he was not going to divulge which requests would be charged because it would take too much time.

In *Garland, supra,* the court held that noncompliance with Rule 51 was not reversible error because the trial judge had substantially complied by indicating the nature of the charge. In this case, numerous requests had been offered and it was impossible for counsel to know which ones would be charged. The record does not disclose how the trial judge substantially complied by indicating the nature of the charge. He did make the statement that he had charged everything that everyone had asked for and all that he could think of, nevertheless, exceptions were noted to the charge.

 We hold that pursuant to Rule 51.01, Tennessee Rules of Civil Procedure, the trial court is under a mandatory duty to inform counsel in advance of argument, of its proposed action on each special request; that failure to so inform counsel is error; however, any inadvertent noncompliance is not reversible error unless material prejudice is shown to exist. Where a trial judge consciously and affirmatively refuses to abide the rule the error is reversible absent a showing of a lack of prejudice.

Writ denied.

FONES, C. J., and COOPER and BROCK, JJ., concur.

HARBISON, J., did not participate.