## BUZYNSKI v. LUCKENBACH STEAMSHIP COMPANY, INCORPORATED, ET AL.

No. 534. Argued March 19, 1928.—Decided May 14, 1928.

*Mr. W. E. Price,* with whom *Mr. James W. Wayman* was on the brief, for petitioner.

*Mr. J. Newton Rayzor,* with whom *Mr. Mart H. Royston* was on the brief, for respondents.

MR. JUSTICE SANFORD delivered the opinion of the Court.

The petitioner, Karl Buzynski, brought a libel *in personam* in admiralty in the federal District Court for Southern Texas against the Luckenbach Steamship Co., the owner of the Steamship *Edgar F. Luckenbach,* and the Texas Contracting Co., to recover damages for personal injuries suffered by him while working as a stevedore for the Contracting Co., an independent contractor engaged in loading cargo on the steamship while at dock in the port of Galveston. He was awarded a judgment against the two Companies jointly, 12 F. (2d) 92. This was reversed by the Circuit Court of Appeals, 19 F. (2d) 871.

Shortly after Buzynski had started to work, and while he was removing a cover from one of the hatches on the ship, he was struck and severely injured, without fault on his part, by a chain which fell from the end of the boom of a derrick at this hatch, which was used in loading the cargo. The accident was caused by the starting in motion, in a manner not shown by direct evidence, of a winch belonging to the ship which connected with and controlled the movement of the boom. The winchman who operated the winch was an employee of the Contracting Co. and a fellow servant of Buzynski.

The District Court was of opinion that the accident resulted from a defect in the winch for which both Companies were responsible. The Circuit Court of Appeals was of opinion that the evidence showed no defect in the

winch for which either of the Companies was liable, and that, although there was evidence from which it might reasonably be inferred that the accident was caused by negligence of the winchman or of another stevedore, nevertheless the Contracting Co. would not be liable for the negligence of such fellow servant.

We granted this writ of certiorari on account of this ruling of the Circuit Court of Appeals as to the negligence of a fellow servant; and no other question need be considered here.

It is settled by this Court that § 33 of the Merchant Marine Act, 1920,[1] incorporated into the maritime law in favor of injured " seamen " the applicable provisions of the Employers Liability Act[2] and its amendments, and that these may be enforced either in suits in admiralty or actions at law. *Panama R. R. Co.* v. *Johnson,* 264 U. S. 375, 388; *Engel* v. *Davenport,* 271 U. S. 33, 35; *Panama R. R. Co.* v. *Vasquez,* 271 U. S. 557, 560; *Baltimore S. S. Co.* v. *Phillips,* 274 U. S. 316, 324; *Messel* v. *Foundation Co.,* 274 U. S. 427, 434. And in *Internat'l Stevedoring Co.* v. *Haverty,* 272 U. S. 50, 52, we held that the word "seamen" as used in § 33 included a stevedore engaged in the maritime work of stowing cargo upon a vessel, and that under the applicable provisions of the Employers Liability Act, he could recover from the stevedoring company for an injury caused by the negligence of a fellow servant.

The view of the Circuit Court of Appeals that the Contracting Co. would not be liable for the negligence of a fellow servant, was erroneous, and its judgment must be reversed. But since it did not determine whether the accident was in fact due to such negligence, or to some other cause, the case will be remanded to that court with

[1] 41 Stat. 988, c. 250.
[2] 35 Stat. 65, c. 149.

instructions to determine this question and take further proceedings in conformity with this opinion. See *Cole* v. *Ralph,* 252 U. S. 286, 290; *Gerdes* v. *Lustgarten,* 266 U. S. 321, 327.

*Reversed and remanded.*