## SEVIN v. INLAND WATERWAYS CORPORATION.

### No. 8276.

Circuit Court of Appeals, Fifth Circuit.

March 19, 1937.

Richard B. Montgomery, Jr., and Brainerd S. Montgomery, both of New Orleans, La., for appellant.

Lucian Y. Ray, of New Orleans, La., for appellee.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

SIBLEY, Circuit Judge.

The sole question is whether Inland Waterways Corporation is subject to be sued at law by one of its seamen for a personal injury received on navigable waters while serving on one of the corporation's vessels. Louis J. Sevin, suing at law, alleges that he was such seaman, given unwholesome quarters on the vessel and compelled to work under insanitary conditions, whereby he contracted tuberculosis, and that he elects under section 33 of the Merchant Marine Act of 1920, 46

U.S.C.A. § 688, to sue at law with a jury trial; though he also alleges that as a seaman he is entitled to $10,000 for maintenance and cure. Inland Waterways Corporation appears specially to object to the jurisdiction at law, and to claim that it cannot be sued for maritime causes of action otherwise than as provided in the Suits in Admiralty Act of 1920, 46 U.S.C.A. §§ 741–752. This appeal is from a judgment sustaining the objection and dismissing the suit.

The Inland Waterways Corporation was created by Congress by the Act of June 3, 1924, 43 Stats. 360, 49 U.S.C.A. § 151 et seq. The Secretary of War is the sole incorporator, and governs and directs the corporation. Its entire capital stock is subscribed for and owned by the United States. By section 5(b), 49 U.S.C.A. § 155(b), the corporation may sue and be sued in its corporate name. The act does not say how it may be sued. It would be suable as other corporations are sued, notwithstanding its public ownership, if there were no law to the contrary. Sloan Shipyards Corporation v. United States Shipping Board Emergency Fleet Corporation, 258 U.S. 549, 42 S.Ct. 386, 66 L.Ed. 762. But there was in force, and still is, the Suits in Admiralty Act of March 9, 1920, 41 Stats. 525, § 1 (46 U.S.C.A. § 741), which deals with vessels "owned by the United States or by any corporation in which the United States or its representatives shall own the entire outstanding capital stock or in the possession of the United States or of such corporation or operated by or for the United States or such corporation," and with the method of suits arising thereabout. The act does not confine itself to vessels of corporations in which the United States *then* owned the entire stock, but uses the future tense "shall own," and the Inland Waterways Corporation falls clearly within the words. The act controls such suits against this corporation as are within its terms.

■ Doubt was once felt as to whether the act applied only to remedies sought in admiralty, leaving intact concurrent remedies at law or in the Court of Claims, and the question was expressly left open in United States Shipping Board Emergency Fleet Corporation v. Rosenberg Bros. & Co., 276 U.S. 202, 48 S.Ct. 256, 72 L.Ed. 531. But in Johnson v. U. S. Shipping Board Emergency Fleet Corporation, 280 U.S. 320, 50 S.Ct. 118, 74 L.Ed. 451, the act was held to provide the exclusive remedy against the United States and its wholly owned corporations for maritime causes of action arising out of the possession and operation of merchant vessels and to preclude actions at law in state or federal courts to enforce such causes of action. A remedy at law for a maritime cause of action being a statutory privilege may be withdrawn without impairment of the constitutional right to a jury trial in common law cases.

■ The seaman, under section 33 of the Merchant Marine Act of 1920, 41 Stat. 1007, 46 U.S.C.A. § 688, "who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law, with the right of trial by jury," when employed on vessels of private ownership and operation. But the special provisions for suits against the United States and its wholly owned corporations stand not in conflict with but as an exception to this general rule. The substantive rights given seamen by section 33 by its reference to the statutes relating to railway employes do not give rise to a right of action under the land law, but they are added to and incorporated in the law of the sea. The seaman's right of action for injury on navigable waters thus enlarged and modified is still a maritime cause of action whether a remedy be pursued at law or in admiralty. Panama R. Co. v. Johnson, 264 U.S. 375, 44 S.Ct. 391, 68 L.Ed. 748; Buzynski v. Luckenbach S. S. Co., 277 U.S. 226, 48 S.Ct. 440, 72 L.Ed. 860; Lindgren v. United States, 281 U.S. 38, 40, 50 S.Ct. 207, 208, 74 L.Ed. 686; The Arizona v. Anelich, 298 U.S. 110, 56 S.Ct. 707, 80 L.Ed. 1075. The second cause of action dealt with in Johnson v. U. S. Shipping Board Emergency Fleet Corporation, 280 U.S. 320, 321, 323, 50 S.Ct. 118, 119, 74 L.Ed. 451, was for injury to a seaman inflicted on navigable waters for which he had recovered judgment at law against the Fleet Corporation. The present case cannot be distinguished from that one.

■ By the Act of May 29, 1928, 45 Stats. 978 (see 49 U.S.C.A. §§ 152, 153), the act establishing the Inland Waterways Corporation was amended. The capital stock was enlarged, but was still to be owned wholly by the United States. Operation of merchant ships and barges was to be continued and enlarged and terminal facilities created, with a view under ap-

propriate conditions to the eventual lease or sale of the corporation's boats and business to private owners. Any persons, including the corporation, engaging in specified inland waterways transportation was given the right to apply to the Interstate Commerce Commission for a certificate of public convenience under the Interstate Commerce Act (49 U.S.C.A. § 1 et seq.), and for joint rates and divisions with other common carriers. Lastly it was provided: "The operation of the transportation and terminal facilities under this Act [sections 151 to 156 of this title] shall be subject to the provisions of the Interstate Commerce Act as amended, and to the provisions of the Shipping Act of 1916 as amended [chapter 1 of this title, and to the provisions of chapter 23 of Title 46], in the same manner and to the same extent as if such facilities were privately owned and operated; and all vessels of the corporation operated and employed solely as merchant vessels shall be subject to all other laws, regulations, and liabilities governing merchant vessels." Section 2 (f), 49 U.S.C.A. § 153 (f). There is no repealing clause in this act. We are of opinion that it was not intended to repeal as to Inland Waterways Corporation the Suits in Admiralty Act. Implied repeals are not favored, the rule being that if a seeming conflict can be relieved by reasonable construction an intention to repeal ought not to be inferred. Washington v. Miller, 235 U.S. 422, 35 S.Ct. 119, 59 L.Ed. 295; Rodgers v. United States, 185 U.S. 83, 22 S.Ct. 582, 46 L.Ed. 816. The amending act did not at all deal with court procedure, but with the establishment of the corporation's commerce. The corporation's relations with other carriers and with shippers were the important things. Its vessels were in the quoted paragraph made subject to two named laws relating to commerce and to "all other laws * * * governing merchant vessels." Other like laws are meant. And the words "liabilities governing merchant vessels" refer to substantive rights and liabilities rather than the procedure to enforce them. It was not the intention of Congress by these general expressions to abolish the special procedure for enforcing rights and liabilities in admiralty against the United States and its wholly owned corporation which the Congress had been at pains to provide in the Suits in Admiralty Act. That act still stands, and where it applies governs procedure against the Inland Waterways Corporation.

The judgment dismissing this suit at law is affirmed.