## MULLEN v. EASTERN TRANSP. CO.
### No. 20426.

District Court, E. D. Pennsylvania.
April 19, 1938.

Abraham E. Freedman, of Philadelphia, Pa., for plaintiff.

Krusen, Evans & Shaw, of Philadelphia, Pa., for defendant.

DICKINSON, District Judge.

We granted leave to submit a supplemental Brief. This has now been submitted.

This controversy grows out of two characteristics of the professional mind. One is its conservatism. Counsel here are Proctors in Admiralty. In consequence the case is as it is viewed by Admiralty lawyers. The other is the love for fine distinctions. All lawyers are metaphysicians.

The plaintiff is a seaman. He was a member of the crew of defendant's vessel. He was physically hurt in the course of his employment in the act of going from the ship to the adjoining dock. The Statement of Claim avers the action to have been brought under the Jones Act, 46 U.S. C.A. § 688. The demurrer is based upon the proposition that the cause of action is not maritime. It is however one of negligence.

A person injured through the negligence of another may have a cause of action. This is true whether he is a seaman or belongs to any other calling. The law provides him with a right of action. We however have two laws. One is the Admiralty Law or Law Maritime; the other the law of the State governing the occurrence. An Admiralty Court can give no redress for the wrong done unless the tort is a maritime tort. If the aggrieved party submits his cause to an Admiralty Court a question of jurisdiction may be raised. This is determined by the nature of the tort of which complaint is made. The question is that so long and passionately fought over between the Admiralty Court and the so called Common Law Courts in which the irascible Lord Coke stood out so valiantly against the assertion of jurisdiction by the Admiralty Courts. The test of jurisdiction there was a somewhat different test but essentially the question was one of jurisdictional power. There was a personal element in the old controversy and it was conducted, as we have said, with much heat. With us the personal element has dropped out of the controversy as the Judges of the two Courts are the same but the controversy remains one of jurisdiction. Hence counsel, who are Proctors and not Common Law practitioners, have discussed the question as if it were the old question of jurisdiction and have cited cases bearing upon this.

It must be manifest that our question is a different one. At the cost of repetition we re-state the proposition that,

if the tort complained of be not a maritime tort, the plaintiff has his right to a common law action. We have used the qualifying phrase "if the tort is not a maritime tort" because otherwise the defendant might possibly claim that its liability was to be determined by the Law Maritime and not by the Common Law. If the tort were a maritime tort and the action was one at Common Law, this might be a question to be ruled and could be ruled in the action brought. This is not however a question before us because the Demurrer is based upon the proposition that the tort is not ·a maritime tort although the plaintiff asserts that it is. The objective of the Jones Act is plain. At Common Law the facts must be found by a jury; in Admiralty they are found by a Judge. The Jones Act gives to the complainant the right to a trial by jury. It assumes, as Proctors in Admiralty unconsciously assume, that the cause is a maritime case to be tried as such except that it is tried by a jury instead of being tried to the Court. The Admiralty Law and the Common Law also differ on the subject of the Law of negligence. The defendant could not concede the tort averred, to be a maritime tort without conceding the right of the seaman to bring his action at law, under the Jones Act. In consequence, as before stated, the Demurrer is based upon the fact that the tort is not a maritime tort. The Plaintiff has brought his action at law. The Demurrer challenges his right to bring his action at law. If the tort is not a maritime tort he has the undoubted right to this form of action and the Jones Act would have no application. If it is a maritime tort the Jones Act applies. So that whether the tort is or is not a maritime tort the action at law is properly brought.

We do not see that the fact that the Statement of Claim avers that the action is brought under the Jones Act affects the question. It has been brought at law and the question is whether it is properly so brought. If the tort is a maritime tort the averments are pertinent. If it is not a maritime tort they may be treated as surplusage.

We refuse to answer the question of law raised in favor of the defendant, with leave to it to file an affidavit of defense, within fifteen days.