## McMENAMIN v. McCORMICK S. S. CO.
### No. 21523-L.

District Court, N. D. California, S. D.

April 2, 1941.

S. T. Hogevoll, of San Francisco, Cal., for plaintiff.

John H. Black and J. M. Wallace, both of San Francisco, Cal., for defendant.

LOUDERBACK, District Judge.

The plaintiff, a seaman, was in the service of the defendant McCormick Steamship Company, as a messman. He suffered certain injuries, and instituted the present suit under the Merchant Marine Act of 1920, commonly called the Jones Act, 41 Stat. 1007, 46 U.S.C.A. § 688. Upon trial, a judgment was entered for the plaintiff for $250 on the second cause of action, for maintenance. A verdict was entered for the defendant upon the first cause of action for damages, and upon the third cause of action for wages.

Costs were taxed and allowed by the Clerk of the Court at $51, in favor of the plaintiff. The defendant contends that the plaintiff is not entitled to his costs since he recovered a judgment for but $250, and the provisions of 28 U.S.C.A. § 815, provide: "When, in a district court, a plaintiff in an action at law originally brought there * * * recovers less than the sum or value of $500, exclusive of costs, in a case which cannot be brought there unless the amount in dispute, exclusive of costs, exceeds said sum or value * * * he shall not be allowed, but, at the discretion of the court, may be adjudged to pay, costs."

Section 33 of the Jones Act, 46 U.S.C.A. § 688, under which this action was brought, provides that a seaman "who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law, with the right of trial by jury".

The question before the court is whether or not an action under section 33 of the Jones Act falls within the provisions of 28 U.S.C.A. § 815, cited above. In Panama Railroad Company v. Johnson, 264 U.S. 375, 44 S.Ct. 391, 394, 68 L.Ed. 748, the Supreme Court of the United States discusses the nature of a right of action un-

der section 33 of the Jones Act, and holds: "The statute is concerned with the relative rights and obligations of seamen and their employers arising out of personal injuries sustained by the former in the course of their employment. Without question this is a matter which falls within the recognized sphere of the maritime law. * * *

"Rightly understood, the statute neither withdraws injuries to seamen from the reach and operation of the maritime law, nor enables the seaman to do so. On the contrary, it brings into that law new rules drawn from another system and extends to injured seamen a right to invoke, at their election, either the relief accorded by the old rules or that provided by the new rules. The election is between alternatives accorded by the maritime law as modified, and not between that law and some non-maritime system."

Bainbridge v. Merchants' & Miners' Transportation Company, 287 U.S. 278, 279, 53 S.Ct. 159, 160, 77 L.Ed. 302, holds: "The Jones Act, being an addition to the Seamen's Act * * * has the effect of bringing into the maritime law, for the benefit of seamen, all appropriate statutes relating to employers' liability * * *. Both acts are to be treated as part of the maritime law."

In Sevin v. Inland Waterways Corporation, 88 F.2d 988, 989, the Circuit Court of Appeals for the Fifth Circuit holds that the seaman's right of action under section 33 of the Jones Act "thus enlarged and modified is still a maritime cause of action whether a remedy be pursued at law or in admiralty."

See, also, The Arizona v. Anelich, 298 U.S. 110, 56 S.Ct. 707, 80 L.Ed. 1075; Buzynski v. Luckenbach Steamship Company, 277 U.S. 226, 48 S.Ct. 440, 72 L.Ed. 860; Lindgren v. United States, 281 U.S. 38, 50 S.Ct. 207, 74 L.Ed. 686.

An action under section 33 of the Jones Act is a maritime cause of action. Is an action under the Jones Act controlled by any provision of 28 U.S.C.A. § 815, supra? The district courts have original jurisdiction of all civil causes of admiralty and maritime jurisdiction, 28 U.S.C.A. § 41 (3), and there is no sum or value required in order to confer jurisdiction, 28 U.S.C. A. § 41(1). Although 28 U.S.C.A. § 815, denies costs to a judgment for less than $500 in an action at law "which can not be brought there unless the amount in dispute * * * exceeds said sum or value * * *", the limitations of 28 U.S.C.A. § 815 do not apply to an action under section 33 of the Jones Act.

Therefore, the motion to retax costs is denied, and the cost bill as assessed and allowed by the Clerk of the Court is affirmed.