**ROWLEY v. SIERRA S. S. CO.**

**Civil Action No. 21277.**

District Court, N. D. Ohio, E. D.

**194**

S. Eldridge Sampliner, of Cleveland, Ohio, for plaintiff.

Russell V. Bleecker, of Cleveland, Ohio, for defendant.

WILKIN, District Judge.

The plaintiff filed a complaint against the defendant under the Merchant Marine Act of 1920, Title 46 U.S.C.A. § 688, praying for a judgment in the sum of $2,511.50 for personal injuries and expense. The defendant filed a motion "for an order dismissing the complaint on the ground that the court is without jurisdiction, no diversity of citizenship being shown and the prayer of the complaint being for less than the jurisdictional amount of $3,000."

The question presented is this: Should the cause be dismissed from this court because the matter in controversy does not exceed $3,000? The determination of the question requires again an investigation into the authority and jurisdiction of the United States District Courts when giving effect to the provisions of the Merchant Marine Act of 1920, commonly referred to as the Jones Act—the exact question here presented having not been previously determined.

Section 41(1) of Title 28 U.S.C.A. provides that District Courts shall have original jurisdiction "of all suits of a civil nature, at common law or in equity, * * * where the matter in controversy exceeds, exclusive of interest and costs, the sum or value of $3,000, and (a) arises under the Constitution or laws of the United States * * * or (b) is between citizens of different States * * *", etc. And Section 41(3) also gives such courts jurisdiction "of all civil causes of admiralty and maritime jurisdiction, saving to suitors in all cases the right of a common-law remedy where the common law is competent to give it", etc. And paragraph (1) of such section provides that the requirement as to sum or value of the matter in controversy shall not apply to admiralty causes.

The right of the plaintiff to maintain this case in this court depends therefore on whether or not the case is a cause "of admiralty and maritime jurisdiction" or "arises under the Constitution or laws of the United States."

It has been determined by judicial construction of the statutes involved that an injured seaman may assert his rights either by a suit in admiralty or an action at law. Panama R. R. v. Johnson, 264 U.S. 375, syl. 5(c), 44 S.Ct. 391, 68 L.Ed. 748. The Jones Act does not withdraw injuries to seamen from the reach and operation of the maritime law but, on the contrary, it brings into that law new rules drawn from another system and extends to injured seamen a right to invoke the relief accorded by the new rules. Brown v. C. D. Mallory & Co. et al., 3 Cir., 122 F.2d 98, syl. (4). Moreover, the effect of the Jones Act is to enable seamen to "maintain an action for damages at law" for personal injuries which formerly were within the exclusive jurisdiction of maritime courts. As a result of the extension of common law remedies to seamen it has been held that: "State courts have jurisdiction concurrently with federal courts in actions brought by seamen under § 20 of the Seamen's Act, as amended by the Merchant Marine Act of 1920 [46 U.S.C.A. § 688], to recover damages for personal injuries." Panama R. R. v. Vasquez, 271 U.S. 557, syl. 2, 46 S.Ct. 596, 70 L.Ed. 1085.

A seaman may enforce his substantive rights under the Merchant Marine Act by a libel in admiralty, in which case no jurisdictional amount is required; but if he elects the action at law afforded by that Act, then, since it arises under the law of the United States, it must meet the requirement as to amount in controversy or be instituted in a state court.

In order therefore to determine the question presented to this court by the motion it is necessary for the court to look at the claim presented and determine whether it is an action at law or a suit in admiralty. At the outset, the claimant labels himself plaintiff, not libellant, he labels his statement of claim complaint, not libel, and he labels the company against which his action is directed defendant, not respondent. He asserts his claim by an action in personam, not in rem, and he prays a judgment instead of "process according to the rules and practice in causes of admiralty and maritime jurisdiction". While mere nomenclature need not control substantive rights (Carlisle Packing Co., v. Sandanger, 259 U.S. 255, 42 S.Ct. 475, 66 L.Ed. 927), yet here the plaintiff's whole complaint is expressed in the terminology of an action at law.

Because the sole relief sought by the proceeding is the relief which the Merchant Marine Act of 1920 affords, it is quite natural and quite proper that it should take the form of an action at law. Benedict on Admiralty, 5th Ed., Vol. II, p. 191. The only part of the complaint that suggests admiralty jurisdiction is the allegation that the plaintiff was a seaman, that the defendant owned and operated a marine vessel on which the plaintiff was employed, and that the plaintiff "expended for his maintenance and cure * * * the sum of $10"; but the complaint invokes no process and seeks no remedy peculiar to admiralty.

The Jones Act did not do to law and admiralty what the statutes and Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, have done to law and equity. It did not unify them. The statutes, the Rules of Civil Procedure, and the decisions of the courts all clearly recognize that jurisdiction in admiralty is quite separate and apart from jurisdiction at law. Admiralty is still a separate field of law and has its own rules, methods, and procedure. The Constitution, Section 2 of Article 3, extends the judicial power of the United States to "all Cases of admiralty and maritime Jurisdiction". And as the Supreme Court has said (Panama R. R. v. Johnson, syl. 4, supra), Congress by implication is given authority to alter, qualify, or supplement such jurisdiction, subject however, "to well recognized limitations, one of which is that there are boundaries to the maritime law and admiralty jurisdiction which cannot be altered by legislation". And in that same case (syl. b and c) it was held that the Merchant Marine Act of 1920 did not attempt to limit the operation of Maritime Law but merely added some new rules concerning the rights and obligations of seamen and their employers and provided for the enforcement of such rights either in admiralty or "through proceedings in personam, according to the course of the common law on the common law side of the courts".

Section 688 of Title 46 U.S.C.A. increases the remedies available to seamen, but it does not enlarge the jurisdiction of District Courts as authorized in Section 41, Title 28 U.S.C.A.

In the present state of the law an injured seaman may proceed in admiralty in rem or in personam for maintenance and cure or any other remedy recognized in admiralty jurisprudence. If, however, the seaman elects to seek the remedies given by the Jones Act, Section 33, Merchant Marine Act 1920, then, as stated in a very well considered note entitled, "Admiralty—Removal of Seaman's Action From State Court—Application of the Jones Act", which appears in 21 Ohio Opinions at page 308:

"* * * a seaman now has a choice of proceeding in any one of three ways to secure the redress given him by the Jones Act for personal injuries sustained during the course of his employment:

"(a) An action for damages in a state court;

"(b) A similar action for damages brought on the common law side of the federal court;

"(c) An action in personam but not in rem in the Admiralty court for his damages."

Panama R. R. Co. v. Johnson, 264 U.S. 375, 44 S.Ct. 391, 68 L.Ed. 748; Plamals v. Pinar Del Rio, 277 U.S. 151, 48 S.Ct. 457, 72 L.Ed. 827.

This conclusion is also supported by 1 Benedict on Admiralty, 6th Ed., 1940, 44: "Jones Act action may be brought in the Federal or State courts, or in personam in admiralty, but not in rem."

It is therefore still necessary for a party to elect between a complaint at law and a libel in admiralty, and the nature of the relief sought should control that

election. The plaintiff in this case having elected to bring an action at law for damages, must meet the requirements of paragraph (1) of Section 41 Title 28 U.S.C.A., and since the matter in controversy is less than $3,000, the motion to dismiss is sustained.[1]

---

[1] There are cases which assert that "a cause of action under the Jones Act is a maritime case", and if that is technically true, the conclusion would follow that no jurisdictional amount is required to give United States courts jurisdiction. But that broad language was used in cases which did not have the exact question raised in this case. Mullen v. Eastern Transportation Co., D.C.E.D.Pa.1938, 25 F.Supp. 62; Sevin v. Inland Waterways Corp., 5 Cir., 1937, 88 F.2d 988; McMenamin v. McCormick S. S. Co., D.C. N.D.Cal.1941, 37 F.Supp. 908.