George P. GWINETT, Plaintiff-Appellant,

v.

ALBATROSS S.S. CO., Inc., Defendant,
and
Astra Steamship Corporation,
Defendant-Appellee.

No. 273, Docket 24118.

United States Court of Appeals
Second Circuit.

Argued March 15, 1957.

Decided April 12, 1957.

Harry D. Graham, New York City, for plaintiff-appellant.

J. Ward O'Neill, of Haight, Gardner, Poor & Havens, New York City (William P. Kain, Jr., New York City, on the brief), for defendant-appellee, Astra S.S. Corp.

Before HINCKS, STEWART and LUMBARD, Circuit Judges.

PER CURIAM.

The plaintiff was instructed to repair a generator without assistance from others. In so doing he injured himself by lifting a part of the machine which on a prior occasion he had handled without injury. The first cause of action was based on negligence in causing this injury.

The appellant contends that it was erroneous to charge the jury that under the Jones Act, 46 U.S.C.A. § 688 negligence should be based on the foreseeability of harm and that it should measure conduct by what a reasonable man would do. Instead, appellant contends, the jury should have been instructed that the work order given by a superior officer to the plaintiff was negligent if it resulted in his injury: he complains of the judge's refusal to charge to that effect.

As to this cause of action, we find no error in the charge or in the refusal to charge as requested. The foreseeability of harm is still a pertinent test in negligence cases under the Jones Act. Ferguson v. Moore-McCormack

Lines, 2 Cir., 228 F.2d 891. In reversing this decision, 352 U.S. 521, 77 S.Ct. 457, 1 L.Ed. 511, the Supreme Court did not reject the pertinence of that test nor did it overrule its prior decisions in Buzynski v. Luckenbach S.S. Co., 277 U.S. 226, 48 S.Ct. 440, 72 L.Ed. 860; Tiller v. Atlantic Coast Line R. Co., 318 U.S. 54, 63 S.Ct. 444, 87 L.Ed. 610; Cortes v. Baltimore Insular Line, 287 U.S. 367, 53 S.Ct. 173, 77 L.Ed. 368; and De Zon v. American President Lines, 318 U.S. 660, 671, 63 S.Ct. 814, 87 L.Ed. 1065. Our decision in the Ferguson case was reversed because it was thought that on the evidence the issue of negligence had properly been left to the jury. Here, the issue was properly submitted to the jury and resulted in a verdict adverse to the plaintiff.

The second cause of action, based on a claim that the defendant negligently caused an aggravation of the plaintiff's injury, was also properly submitted to the jury which decided, adversely to the plaintiff, all the crucial facts involved. And in view of the abundance of evidence to support the verdict on both causes of action, the judge was plainly right in denying the motion to set aside the verdict and for a new trial.

Since the case was properly submitted on the merits, there is no need to consider the effect of the plaintiff's failure to except to the charge as given until after an unfavorable result had been announced. Cf. Palmer v. Hoffman, 318 U.S. 109, 63 S.Ct. 477, 87 L.Ed. 645; Troupe v. Chicago, D. & G. Bay Transit Co., 2 Cir., 234 F.2d 253, 259. And certainly the judgment should not be disturbed because the record fails to show that the court did "inform counsel of its proposed action upon the requests prior to their arguments to the jury," as directed by Fed.Rules Civ.Proc. rule 51, 28 U.S.C.A. This is especially so since, so far as the record shows, the plaintiff proceeded with his argument without requesting such information of the court. Cf. Levin v. Joseph E. Seagram & Sons, 7

Cir., 158 F.2d 55, certiorari denied 330 U.S. 835, 67 S.Ct. 971, 91 L.Ed. 1282. Moreover, there is no showing of any resulting prejudice on this account.

Affirmed.