OPINION OF THE COURT
Edward S. Conway, J.
This is a proceeding pursuant to CPLR article 78 whereby petitioner, Rochester Gas and Electric Corp., seeks an order annulling the determinations of respondent Public Service Commission of the State of New York (Commission) of September 15, 1977 and November 2, 1977.
The Commission, after receiving complaints involving diversion of service and after the Legal Aid Society of the Bronx commenced a suit in Federal court against the Commission on behalf of tenants who challenged Con Edison’s practice of terminating service to tenants who complained of diversion, held a proceeding as to procedures for billing cases involving *357 diversion of service. The notice of the proceeding outlined certain proposals of the staff of the Commission and solicited comments from various parties, to be affected, including petitioner, in the event such or similar procedures were adopted. Petitioner submitted comments on the proposal.
On April 19, 1977, the Commission announced a proposed order adopting certain procedures to be followed in case of diversion, and also scheduled a conference for the oral presentation of additional comments by the parties involved. At this conference held on May 4, 1977, petitioner appeared in opposition to the proposed order.
On September 15, 1977, the Commission issued the order in question establishing procedures for diversion cases. Thereafter, petitioner applied for a rehearing of the Commissioner’s order, which was denied on November 2, 1977.
The Commission, in its order of September 15, 1977, determined that certain procedures should be implemented. These procedures require the utility company to investigate complaints of postmeter diversion; make an assessment of liability; and adjust the tenant customer bill to reflect credit for the estimated value of the diverted service. If the beneficiary of the diverted service is unclear the landlord is billed for the value of such service and the utility must invite both landlord and tenant to a conference at which the utility, acting as the tenant’s representative, will seek to have the landlord eliminate the diversion. Failing resolution, the Commission, at the behest of either the landlord or the tenant, shall intervene. Amounts credited to the customer due to actual or presumed diversion, which are not collectible from another party, would be written off and ultimately charged to the general body of ratepayers.
The petitioner challenges the order of the Commission contending that the Commission exceeds its jurisdiction in ordering adjustments for postmeter diversion, and not only is it without authority to adjudicate the rights and liabilities of private parties, its determinations of liablity are unsupported by law and are within the exclusive province of the courts.
This court must agree with, the contentions of the petitioner. No express power has been conferred upon the Commission permitting it to order adjustments resulting from postmeter diversion.
Section 5 (subd 1, par b) of the Public Service Law provides as follows:
*358 "§ 5. Jurisdiction, powers and duties of public service commission.
"1. The jurisdiction, supervision, powers and duties of the public service commission shall extend under this chapter:
* * *
"b. To the manufacture, conveying, transportation, sale or distribution of gas (natural or manufactured or mixture of both) and electricity for light, heat or power, to gas plants and to electric plants and to the persons or corporations owning, leasing or operating the same.” (Emphasis added.)
At the point the electricity passes into the privately-owned wiring, the petitioner no longer has any control over it. The meter is the point of sale, and there the jurisdiction of the Commission ceases. A sale at common law is the transfer of possession or title or both (Matter of Sears, Roebuck & Co. v McGoldrick, 279 NY 184). Under the Uniform Commercial Code, a sale consists "in the passing of title from the seller to the buyer for a price” (Uniform Commercial Code, § 2-106) and "title passes to the buyer at the time and place at which the seller completes his performance with reference to the physical delivery of the goods” (Uniform Commercial Code, § 2-401). Under either test, the sale is completed at the delivery of the electricity. Such delivery is completed at the meter. The meter is the point at which the electricity passes from the wires of the utility to the privately-owned wires of the customer.
If there are faults in private wiring which cause a loss to the owner of the wiring due to theft or otherwise, such is not sufficient to vest the Commission with jurisdiction, in this court’s opinion (Matter of National Merchandising Corp. v Public Serv. Comm., 5 NY2d 485; Matter of City of New York v Public Serv. Comm., 53 AD2d 164). In the City of New York case (supra) the court rejected the Commission’s attempt to determine the legal rights and obligations of private individuals. Questions arising from cases of diversion for common areas are questions that often stem from a private legal dispute which should only be resolved in a court of law and are not within the province of the Commission to adjudicate.
In view of the foregoing, the petition is granted and the order of the respondent is annulled.