### Merton C. WARD

v.

### UNITED STATES FIDELITY & GUARANTY COMPANY, et al.

Supreme Judicial Court of Maine.

Argued Sept. 6, 1989.

Decided Sept. 26, 1989.

Francis J. Hallissey (orally), William Talbot, Talbot & Talbot, Machias, for plaintiff.

John Ballou (orally), Mitchell & Stearns, Machias, for U.S.F. & G.

John McCarthy, Rudman & Winchell, Bangor, for Malloch.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD, HORNBY and COLLINS, JJ.

WATHEN, Justice.

Merton C. Ward, plaintiff in a personal injury action against multiple defendants, appeals from a judgment of the Superior Court (Washington County, *Archibald, A.R.J.*) following a jury verdict in favor of

---

the defendants, Janet M. Malloch and United States Fidelity & Guaranty Company (USF & G). On appeal he contends that the presiding justice's inadvertent failure to inform counsel of his action upon the parties' written requests for jury instructions pursuant to M.R.Civ.P. 51(b), without more, is reversible error. In addition, plaintiff alleges error in the instruction given by the trial court concerning the doctrine of independent intervening cause. Finding no reversible error, we affirm the judgment.

Our rules of procedure provide in relevant part as follows:

In an action tried to a jury, at the close of the evidence or at such earlier time during the trial as the court reasonably directs, any party may file written requests that the court instruct the jury on the law as set forth in the requests. *The court shall inform counsel of its proposed action upon the requests prior to their arguments to the jury ....*

M.R.Civ.P. 51(b) (emphasis added). At the close of the evidence both plaintiff and USF & G submitted written requests for jury instructions. The presiding justice did not inform counsel of his proposed action on the requests before counsel proceeded with their final arguments to the jury. Plaintiff argues that the failure to follow the disclosure procedure set forth in Rule 51(b) constitutes reversible error.

The above quoted language of M.R. Civ.P. 51(b) is identical to that of Fed.R. Civ.P. 51. While there are no Maine cases construing this language, the federal cases hold that an inadvertent failure to inform "does not require a new trial or reversal on appeal, except in those cases in which a party has been prejudiced by the failure." C. Wright & A. Miller, *Federal Practice and Procedure* § 2552, at 633 (1971). *See also Hardigg v. Inglett*, 250 F.2d 895, 897 (4th Cir.1957) ("[N]oncompliance with [Rule 51] does not warrant a new trial unless material prejudice is shown to exist."). Moreover, the cases hold that it is not reversible error when counsel commence final argument to the jury without first requesting information as to which instructions will be given. *See, e.g., Luther v. Maple*, 250 F.2d 916, 920 (8th Cir.1958) ("In the absence of any request by [counsel] to be informed of the court's rulings on his requests for instructions prior to his argument to the jury, the mere failure of the court to conform with Rule 51 of the Federal Rules of Civil Procedure was not reversible error."); *Gwinett v. Albatross S.S. Co.*, 243 F.2d 8, 9 (2d Cir.1957).

Plaintiff admits that he did not request the court's ruling on the requested instructions. Moreover, he fails on appeal to demonstrate that he was prejudiced by the court's omission. Because we find the federal decisions persuasive, we hold that the presiding justice did not commit reversible error by inadvertently failing to inform counsel of his action on the parties' written requests for jury instructions pursuant to M.R.Civ.P. 51(b).

With respect to the propriety of the independent intervening cause instruction, we note that plaintiff failed to preserve this issue for appeal by stating the basis for any objection he might have. *See* M.R. Civ.P. 51(b) (complaining party must make a clear and distinct objection before the jury retires to consider its verdict). Accordingly, in order to prevail he must satisfy the obvious error standard. *Twin Island Dev. Corp. v. Winchester*, 512 A.2d 319, 324 (Me.1986) (error exceptional in nature that seriously affects the fairness, integrity or public reputation of the proceeding). We find no obvious error.

The entry is:

Judgment affirmed.

All concurring.