Susan A. FULLER

v.

CENTRAL MAINE POWER COMPANY.

Supreme Judicial Court of Maine.

Argued Sept. 27, 1991.
Decided Oct. 28, 1991.

James C. Hunt (orally), Robinson, Kriger, McCallum & Greene, Portland, for plaintiff.

Daniel M. Snow (orally), Pierce, Atwood, Scribner, Allen, Smith & Lancaster, Portland, for defendant.

Before ROBERTS, WATHEN,* GLASSMAN, CLIFFORD and COLLINS, JJ.

CLIFFORD, Justice.

Plaintiff Susan A. Fuller appeals from a judgment in favor of defendant Central Maine Power Company (CMP) entered by the Superior Court (York County, *Brennan, J.*) following a jury trial. Fuller contends that the court erred in its instruction to the jury on her claim of negligent infliction of severe emotional distress and by directing a verdict against her on the issue of product liability. Fuller further asserts that the court committed error by excluding testimony relative to certain post-accident statements made by CMP's employees regarding the safety of contact with power lines. Finally, she argues that the court committed reversible error by not conducting a post-verdict inquiry of the jurors regarding a power line safety television commercial that ran during the course of the trial. On cross-appeal, CMP contends that the trial court erred by denying its motion for a directed verdict and allowing the jury to consider the issue of negligent infliction of severe emotional distress. We find no error or abuse of discretion and affirm the judgment.

This matter arises from the death of Fuller's husband Terry, a house painter who was electrocuted when an aluminum ladder he was moving came into contact with a 7200–volt power distribution line owned by CMP in front of a private residence on Route 9 in Kennebunk. Fuller, individually and as personal representative of her husband's estate, brought suit against CMP in Superior Court seeking recovery under theories of negligence, product liability, and nuisance. The Superior Court granted summary judgment in favor of CMP on the nuisance claim,[1] but denied summary judgment as to the product liability claim and the claim for negligent infliction of severe emotional distress.

Prior to trial, CMP filed several motions *in limine* and again renewed its motion for summary judgment on the product liability claim. The trial court deferred ruling on the summary judgment motion prior to trial, but later directed judgment in favor of CMP on the product liability claim. The court also denied CMP's motion for a directed verdict on the plaintiff's claim of negligent infliction of severe emotional distress.

Following a one-week trial, the jury found CMP guilty of negligence which was the proximate cause of Terry Fuller's death, but also found the decedent's negligence equalled or was greater than CMP's negligence. The jury also found that CMP was not liable to Susan Fuller on her claim of negligent infliction of severe emotional distress. This appeal and cross-appeal followed the denial of Fuller's motion for judgment notwithstanding the verdict.

## I.

Fuller's first contention is that the trial court incorrectly instructed the jury on her claim of negligent infliction of severe emotional distress. At trial, she objected to the court's instruction defining severe emotional distress and proposed an instruction in its place that was phrased solely in terms of foreseeability of harm without reference to the severity of the emotional distress. On appeal, Fuller continues to insist that she was entitled to an instruction defining emotional distress without reference to its severity, and further contends that the definition of severe emotional distress actually used by the court constitutes error. Both of these contentions must fail.

Fuller's complaint alleged that she suffered from severe emotional distress and she sought to hold CMP liable for that severe emotional distress. She cannot be heard to complain that the court instructed the jury on the elements of the tort of negligent infliction of severe emotional distress. We have never held that liability can be imposed upon a defendant for the negligent infliction of emotional distress of some degree less than severe. *See Gam-*

---

* Justice Wathen sat at oral argument but took no further part in this decision.

1. Fuller has not challenged the summary judgment on the nuisance claim.

*mon v. Osteopathic Hosp. of Maine, Inc.,* 534 A.2d 1282, 1286 n. 9 (Me.1987). Even assuming, however, that such a recovery is possible, Fuller did not propose any language defining a degree of emotional distress less than severe.

■ Fuller's additional contention relating to the jury instruction, that the definition of severe emotional distress actually used by the court was improper, was not adequately preserved. In order to properly preserve a challenge to a jury instruction, a party must not only object, but must also state distinctly the ground of the objection. M.R.Civ.P. 51(b); *see Ward v. U.S. Fidelity & Guar. Co.,* 564 A.2d 66, 67 (Me.1989); *George v. Guerrette,* 306 A.2d 138, 141 (Me.1973); *Wescott v. Vickerson,* 284 A.2d 902, 904 (Me.1971) (rule requiring party making objection to state ground reflects strong policy to afford trial court opportunity to correct any error). Failure to state adequately the ground for an objection results in the objection not having been preserved. M.R.Civ.P. 51(b).

■ The focus of Fuller's objection at trial was on the court's referring *at all* to a level of severity in defining the elements of negligent infliction of severe emotional distress. Although she objected to the court's instruction defining severe emotional distress, she did not direct the court's attention specifically to the language it used to define severe emotional distress and contrast it with more acceptable definitions. Indeed, she offered no alternative definitions of severe emotional distress for the court to consider.[2] Because Fuller has not adequately preserved her objection to the

definition provided to the jury, we review the instruction for obvious error. *Twin Island Dev. Corp. v. Winchester,* 512 A.2d 319, 324 (Me.1986). We have reviewed the court's instruction pertaining to negligent infliction of severe emotional distress and we discern no obvious or manifest error.

## II.

■ Fuller next contends that the trial court erred by taking the product liability count away from the jury and directing judgment in favor of CMP on this issue.[3] When reviewing the direction of a verdict at trial on defendant's motion, we will consider the evidence presented in a light most favorable to the plaintiff's position to determine if there is sufficient evidence on which a jury, indulging all reasonable inferences, could base a finding for the plaintiff. *Reed v. A.C. McLoon & Co.,* 311 A.2d 548, 550 (Me.1973).

■ In order to state a claim of product liability pursuant to 14 M.R.S.A. § 221 (1980),[4] it must logically and necessarily be shown that injury was caused by a product "in a defective condition unreasonably dangerous to the user or consumer" and that is "expected to and does reach the user or consumer without significant change in the condition in which it is sold." In the instant matter, the decedent came into contact with a 7200–volt distribution line strung between two utility poles in front of a residence on Route 9 in Kennebunk. While courts may be in some disagreement as to whether or at what point electricity becomes a product as opposed to a service, there is strong unanimity among courts

---

2. For a definition of "severe emotional distress" *see* Alexander, *Maine Jury Instruction Manual* 7–32 (2d ed. 1990).

3. The Superior Court had previously denied CMP's motion for summary judgment on the issue of product liability. We find Fuller's claim that the decision by the court to direct a verdict in favor of CMP at the close of her case violated the law of the case doctrine to be without merit.

4. 14 M.R.S.A. § 221 (1980) provides:
    One who sells any goods or products in a defective condition unreasonably dangerous

to the user or consumer or to his property is subject to liability for physical harm thereby caused to a person whom the manufacturer, seller or supplier might reasonably have expected to use, consume or be affected by the goods, or to his property, if the seller is engaged in the business of selling such a product and it is expected to and does reach the user or consumer without significant change in the condition in which it is sold. This section applies although the seller has exercised all possible care in the preparation and sale of his product and the user or consumer has not bought the product from or entered into any contractual relation with the seller.

that in the state of flowing through a high-voltage transmission line, electricity is not a product within the meaning of the *Restatement (Second) of Torts* § 402A,[5] upon which 14 M.R.S.A. § 221 is based. *Bernier v. Raymark Indus.*, 516 A.2d 534, 537 (Me. 1986). Contact with a high-voltage transmission line does not give rise to liability under section 221. Because Fuller could not establish the requisite statutory elements to her claim, the presiding justice was correct to direct a verdict and enter judgment in favor of CMP.

### III.

Fuller further contends that the trial court erred in excluding testimony of Terry Fuller's employer and co-workers relating to certain post-accident statements made by CMP employees that the power lines were safe to touch. According to Fuller, this evidence was relevant to the standard of care to be expected of both the decedent and CMP.

■■■ Evidence is relevant if it has any tendency to make the existence of any fact of consequence to the determination of the matter more or less probable than it would be without the evidence. M.R.Evid. 401. We review the court's ruling on the issue of relevancy for clear error. *Pelkey v. Canadian Pac. Ltd.*, 586 A.2d 1248, 1253 (Me.1991). Even if evidence is relevant, it may still be excluded by the court pursuant to M.R.Evid. 403 if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. A court's decision to exclude evidence under Rule 403 is reviewable only for an abuse of discretion. *Id.; State v. Tanguay*, 574 A.2d 1359, 1362 (Me.1990).

■■■ In the present case, the court found the evidence of post-accident statements of CMP employees to be irrelevant to what Terry Fuller's knowledge was before the accident. The court also found that whatever marginal relevance the proffered testimony might have was outweighed by its potential for prejudice and confusion. The court did not commit clear error nor did it abuse its discretion in excluding testimony relating to the post-accident statements.

### IV.

Finally, Fuller contends that the court erred by declining to conduct a post-verdict voir dire to determine if members of the jury had seen a CMP safety advertisement that appeared on television during the course of the trial. After the jury rendered its verdict, but before they were discharged, Fuller brought to the court's attention the fact that a certain CMP commercial had been aired. Fuller requested that the court inquire of the jurors whether any of them had seen the commercial. The court expressed its reluctance to impeach the jury's verdict without a concrete basis for doing so, and invited Fuller to conduct post-verdict discovery on the issue and then, if she felt it appropriate at that point, to move for a post-verdict voir dire. Fuller did conduct post-verdict discovery, but did not pursue the court's invitation to move for post-verdict voir dire at a later time.

■■■ The decision of the presiding justice whether to conduct a post-verdict voir dire is reviewed for an abuse of discretion. *See Simmons v. State*, 222 A.2d 366, 368 (Me.1966). Upon a review of the record in this case, we discern no abuse of discretion in the court's decision to forestall juror inquiry until Fuller conducted dis-

**5.** *See United Pac. Ins. Co. v. Southern Cal. Edison Co.*, 163 Cal.App.3d 700, 705, 209 Cal.Rptr. 819, 821 (1985); *Smith v. Home Light & Power Co.*, 734 P.2d 1051, 1085 (Colo.1987); *Genaust v. Illinois Power Co.*, 62 Ill.2d 456, 464–65, 343 N.E.2d 465, 470 (1976); *Hedges v. Public Serv. Co.*, 396 N.E.2d 933, 935 (Ind.App.1979); *Petroski v. Northern Ind. Pub. Serv. Co.*, 171 Ind.App. 14, 30–31, 354 N.E.2d 736, 747 (1976); *Williams v. Detroit Edison Co.*, 63 Mich.App. 559, 568, 234 N.W.2d 702, 707 (1975); *Wood v. Public Serv. Co.*, 114 N.H. 182, 188–89, 317 A.2d 576, 579 (1974); *Aversa v. Public Serv. Elec. & Gas Co.*, 186 N.J.Super. 130, 134–35, 451 A.2d 976, 979 (1982); *Farina v. Niagara Mohawk Power Co.*, 81 A.D.2d 700, 700, 438 N.Y.S.2d 645, 647 (1981); *Houston Lighting & Power v. Reynolds*, 765 S.W.2d 784, 785 (Tex.1988); *Kemp v. Wisconsin Elec. Power Co.*, 44 Wis.2d 571, 583, 172 N.W.2d 161, 166 (1969).

covery on the issue.[6]  Further, because Fuller failed to pursue the court's offer to move for a post-verdict voir dire after discovery, she has failed to properly preserve for our review her argument of prejudice.

Because we find no basis to disturb the judgment of the Superior Court, it is unnecessary to consider CMP's cross-appeal.

The entry is:

Judgment affirmed

All concurring.

---

**6.** The record reveals that several CMP safety advertisements were introduced into evidence and shown to the jury during the course of the trial.  It was not unreasonable, therefore, for the court to require further information as to what the content of the commercial was and whether it was any different than those that the jury had already seen at trial before it conducted a post-verdict voir dire.