Peter T. DAWSON,

v.

Paul T. LUSSIER.

Supreme Judicial Court of Maine.

Argued Sept. 8, 1993.
Decided Oct. 15, 1993.

Christopher C. Taintor (orally), Norman, Hanson & Detroy, Portland, for plaintiff.

John F. Shepard, Jr. (orally), Shepard & Shepard, Freeport, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS and DANA, JJ.

ROBERTS, Justice.

Attorney Peter T. Dawson sued Paul T. Lussier to collect a legal fee in the amount of $9,120. Lussier counterclaimed, alleging professional malpractice by Dawson in his handling of Lussier's claims against the seller of property purchased by Lussier. After a jury-waived trial, the Superior Court (Kennebec County, *Chandler, J.*) found in favor of Dawson and filed detailed findings of fact. From the ensuing judgment, Lussier appeals.

In 1987 Lussier purchased property in Albion. Although the farm had been advertised as containing 80 acres of tillable fields and 100 acres of woodland, Lussier entered into a contract with no mention of acreage or price per acre. Moreover, Lussier completed his purchase at the closing without communicating his doubts about the actual acreage. Results of a survey Lussier received after the closing revealed that the tillable land was approximately 35 acres. After some discussion between Lussier and the seller, Lussier retained Dawson to pursue his claims. The resulting action, *Lussier v. Cottle*, Ken–CV–87–182 (Jan. 24, 1990), was resolved by a jury verdict in favor of the seller.

■ In the present action, Lussier's counterclaim alleges that Dawson failed to advise him properly, failed to pursue the appropriate remedies, and negligently conducted the trial of his case. The court heard extensive testimony concerning the advice given by Dawson, the remedies available, and Lussier's goal in the litigation. The court rejected the allegation of negligence on several grounds, including 1) the resolution of conflicting testimony in favor of Dawson's credibility, 2) expert testimony in support of Dawson's strategy, and 3) absence of expert evaluation of Dawson's trial performance. A trial court's finding that a party failed to carry his or her burden of proof on a factual

issue will be reversed on appeal only if the nature of the evidence is such that the fact-finder would be compelled to believe it. *Gonthier v. Horne*, 576 A.2d 745 (Me.1990). We conclude that the trial court was not compelled to accept Lussier's evidence. *Qualey v. Fulton*, 422 A.2d 773 (Me.1980).

■ Lussier also challenges the exclusion of evidence as to the amount of the legal fee charged by Dawson's opponent, as well as the sufficiency of the evidence to support Dawson's fee. On the first point, we conclude that the trial court correctly applied M.R.Evid. 403 in finding that an exploration of another attorney's fee would generate side issues outweighing any possible probative value. *Fuller v. Central Maine Power Co.*, 598 A.2d 457, 461 (Me.1991). On the second point, we conclude that Dawson presented adequate evidence to support his fee. *Morin Bldg. Prod. Co. v. Atlantic Design & Constr. Co., Inc.*, 615 A.2d 239, 241 (Me.1992).

Finally, the docket entry of the plaintiff's judgment does not contain any dollar amount. Because the parties agreed at oral argument that the intent of the court's decision was to award Dawson the sum of $9,120, we modify the judgment in accordance with the court's intent.

The entry is:

Judgment modified to reflect an award in favor of the plaintiff of $9,120, and, as so modified, affirmed.

All concurring.