1998 ME 114

**Peter RACKLIFFE et al.**

v.

**NORTHPORT VILLAGE CORPORATION et al.**

Supreme Judicial Court of Maine.

Argued March 3, 1998.
Decided May 18, 1998.

John C. Bannon (orally), Murray Plumb & Murray, Portland, for plaintiffs.

Judith A.S. Metcalf (orally), Eaton, Peabody, Bradford & Veague, P.A., Brunswick, for Northport Village Corporation.

Randolph A. Mailloux, Moser & Mailloux, P.A., Belfast, for Town of Northport.

Before WATHEN, C.J., and ROBERTS, CLIFFORD, RUDMAN, DANA, LIPEZ, and SAUFLEY, JJ.

ROBERTS, Justice.

[¶ 1] Peter Rackliffe, Galen Plummer, Ann Bixler, and Euclid Handbury, Jr., appeal from the judgment entered in the Superior Court (Waldo County) in favor of Northport Village Corporation, the Town of Northport, and its tax assessors. They contend that the court (*MacInnes, A.R.J.*) erred by deciding that the Village was not a municipality within the meaning of the municipal election laws and therefore did not have to comply with the voter qualification requirements of 21–A M.R.S.A. § 111 (1993). They also argue that the court (*Brodrick, A.R.J.*) erred by concluding that they had failed to show that the village tax is unconstitutional. We affirm the judgment.

[¶ 2] Northport Village Corporation was created by P. & S.L.1915, ch. 136 and is located within the Town of Northport. Its charter provides for an annual meeting of the residents of the Village to be held on the second Tuesday in August. One of the purposes of the meeting is to determine the budget for the coming year. For that reason, a proposed budget is presented to the qualified voters of the Village. After the voters approve the budget, the Town's tax assessors assess the property owned by the Village residents to raise the necessary revenue. The charter allows individuals who own property in the Village to vote at the annual meeting regardless of whether they are residents of the Town. Property within the Village limits is also separately taxed by the Town.

[¶ 3] The plaintiffs are owners of property in Northport Village. In January 1995 the plaintiffs, contending that the Village's voting procedures are unfair and that their property had been subject to an unconstitutional tax, filed a complaint in the Superior Court seeking a declaratory judgment that the Village tax is unconstitutional because (1) the Village lacks the authority to raise revenue, (2) the taxes are assessed without consideration of the extent of the benefit conferred on the property taxed, and (3) the taxes are apportioned unequally in relation to the value of the property being taxed. In November 1995 the plaintiffs filed a motion for a summary judgment. The Village filed an objection to the plaintiffs' motion and requested that the court enter a summary judgment in its favor on all of the counts. The court held that the Village was not subject to the voter qualification requirements of 21–A M.R.S.A. § 111, and therefore nonresidents had the right to vote at the Village Corporation's annual meeting. The court further noted that whether the assessment of the taxes is unconstitutional was unanswerable on the record before it and ordered a trial for a determination of that issue. This appeal followed the trial court's decision that the plaintiffs had failed to prove that the tax practices of the Village are unconstitutional.

[¶ 4] The plaintiffs' first contention on appeal is that the Village is a municipality under 30–A M.R.S.A. § 2501 (1996) and therefore its voter qualifications are governed by 21–A M.R.S.A. § 111.[1] The Village

---

1. 21–A M.R.S.A. § 111 (1993) provides:
 § 111. General qualifications
 A person who meets the following requirements may vote in any election in a municipality.

 1. **Citizenship.** He must be a citizen of the United States.
 2. **Age.** He must be at least 18 years of age.

counters that the Legislature did not intend that the voter qualification requirements of section 111 apply to village elections. We agree.

[¶ 5] "A summary judgment is proper when the party that bears the burden of proof of an essential element at trial has presented evidence that, if it presented no more, would entitle the opposing party to a judgment as a matter of law." *Jacques v. Pioneer Plastics, Inc.*, 676 A.2d 504, 506 (Me.1996). In reviewing a grant of a summary judgment, we view the evidence in the light most favorable to the party against whom a judgment has been granted and review the trial court decision for errors of law. *Id.*

[¶ 6] The meaning and construction of a statute is a question of law. *Community Telecomm. Corp. v. State Tax Assessor*, 684 A.2d 424, 426 (Me.1996). When interpreting a statute, we will examine the plain meaning of the statutory language to give effect to the legislative intent; "[i]n so doing, we remain mindful of the whole statutory scheme, of which the section at issue forms a part, so that a harmonious result may be achieved." *Daniels v. Tew Mac Aero Servs., Inc.*, 675 A.2d 984, 987 (Me.1996). Moreover, statutory language is construed to avoid absurd, illogical, or inconsistent results. *Estate of Whittier*, 681 A.2d 1, 2 (Me.1996).

[¶ 7] Although the plaintiffs have cited several of our decisions and many legislative enactments in which village corporations are treated as a municipality, the Legislature is not prohibited from treating a village corporation differently if it so chooses. 21–A M.R.S.A. § 1(27) (1993) defines the term "municipality" as it is used in Title 21–A as "a city, town or plantation." By excluding village corporations from the list, the Legislature has explicitly shown its intent to exclude village elections from the requirements of section 111. When the Legislature has intended to treat village corporations as municipalities, it has done so explicitly. *See* 30–A M.R.S.A. § 5903 and § 6302 (1996 & Supp. 1997). The Legislature also has not repealed the section of the charter articulating voter requirements for village elections. We conclude therefore that the Legislature intended that the voter qualifications for village elections are governed by the requirements set forth in their individual charters.

[¶ 8] The plaintiffs also contend that the trial court erred by concluding that they failed to show that the tax is unconstitutional. Taxes assessed for public purposes must be uniformly applied. *See* ME. CONST. ART. IX, § 8. If, however, a town, city, or smaller district receives a special benefit from a public improvement, it may be required to shoulder a greater tax burden as long as the burden is proportional to the benefit received. *Town of Stonington v. Town of Deer Isle*, 403 A.2d 1181, 1184–85 (Me.1979). Contrary to the plaintiffs' contentions, the evidence supports the court's finding that any benefit received by nonresidents of the Village from public improvements funded by the tax was incidental and that the Village residents were the primary recipients of the benefit conferred by these improvements. The evidence further demonstrated that the tax burden on the Village residents was proportional to the benefit received from the public improvements. In sum, the nature of the evidence is not such that the factfinder was compelled to believe that the tax is unconstitutional. *Dawson v. Lussier*, 632 A.2d 128, 129 (Me.1993).

The entry is:

Judgment affirmed.

---

**3. Residence.** He must have established and maintain a voting residence in that municipality.

**4. Registration.** He must be registered to vote in that municipality.

**5. Enrollment.** He must be enrolled in a party in that municipality to vote at a caucus, convention or primary election, unless otherwise permitted by a political party pursuant to section 340.

21–A M.R.S.A. § 112 (Supp.1997) defines "residence" as "that place where the person has established a fixed and principal home to which the person, whenever temporarily absent, intends to return."